## THOMAS v. NEW YORK, CHICAGO & ST. LOUIS R. CO.

No. 11126.

United States Court of Appeals
Sixth Circuit.

Dec. 11, 1950.

Jerome A. Klein, Cleveland, Ohio, Howard M. Metzenbaum, Cleveland, Ohio, on brief, for appellant.

W. R. Price and John H. Ritter, Cleveland, Ohio, W. R. Price, John H. Ritter, Cincinnati, Ohio, on brief; Miller & Hornbeck, Cincinnati, Ohio, of counsel, for appellee.

Before HICKS, ALLEN and MARTIN, Circuit Judges.
one of appellee's business cars which are

ALLEN, Circuit Judge.

This appeal presents the question of the scope of the power of the National Railroad Adjustment Board under the Railway Labor Act, 45 U.S.C.A. § 151 et seq., to order reinstatement of a railroad employee not a member of a union, upon the ground of wrongful discharge. The case arises out of the following facts.

Appellant was employed as a steward on used by executives of the railroad. It was the function of the steward to cook and to perform duties incident to the planning and preparation of meals on the business car. Appellant had been employed by the railroad for some twenty years and had for the most part a good record.

On February 11, 1945, appellant became involved in a dispute with J. H. Day, vice-president of the railroad, who was then using the business car to which appellant was assigned. Some irritation arose between appellant and the vice-president over the

kind of meat and fruit which could be procured for the next trip. War rationing was still in force and limited the choice of available foods. The testimony is in sharp conflict as to this quarrel. Appellant was suffering from a hernia which had been improperly treated. Day testified that appellant said the Nickel Plate was responsible for this condition and that both the Nickel Plate and Day could "go to Hell." Appellant states that there was some discussion over the meat and fruit to be used and that Day was pretty angry about it. He denies that he reflected either upon Day or upon the railroad, although he admits that he "spoke up for myself." The incident was immediately reported, but the railroad took no action. In fact, in July, 1945, appellant was operated on for hernia by the railroad surgeon, the railroad paying all expenses of the operation and paying appellant's full wages up to September 17, 1945. Some eight months after the quarrel of February 11, appellant was ordered to furnish a written statement concerning the incident, which he refused to do, asking instead to be given an oral hearing with the railroad president. After appellant's failure to comply with subsequent orders to submit a written statement, he was discharged.

Appellant's grievance was submitted to the National Railroad Adjustment Board, which has jurisdiction over disputes between carriers and employees, growing out of grievances or out of the interpretation or application of agreements. The Board concluded that appellant had been wrongfully discharged, and ordered reinstatement. It declared that "Action to discipline an employe by carrier should be taken promptly after occurrence of the offense, and not deferred for a period of almost eight months. Rules which are now standard on the railroads forbid any such procedure." The carrier refused to comply with the reinstatement order, and this action for enforcement of the award was filed under the statute, 45 U.S.C.A. § 153(p).

The District Court held that the Railroad Adjustment Board had no authority to make the reinstatement award, and entered judgment for the railroad. The court considered that the Board assumed that the

616

discharge was in violation of standard railroad rules which in fact do not cover appellant's contract of employment, and that the Board apparently gave appellant the benefit of collective bargaining contracts with unions of which appellant was not a member.

Appellant contends that the District Court erred in not giving "almost binding effect" to the findings and award of the Railroad Adjustment Board. He points out that after petition for enforcement has been filed, under § 153(p), 45 U.S.C.A., "Such suit in the District Court of the United States shall proceed in all respects as other civil suits, except that on the trial of such suit the findings and order of the division of the Adjustment Board shall be prima facie evidence of the facts therein stated * * *." Construing this section several courts have declared that the findings "are probative, not merely presumptive in value, having effect fairly comparable to that of expert testimony." Washington Terminal Co. v. Boswell, 75 U.S.App.D.C. 1, 124 F.2d 235, 241, aff. 319 U.S. 732; Shipley v. Pittsburgh & L. E. Rd. Co., D. C., 83 F.Supp. 722; Kelly v. Nashville, Chattanooga & St. Louis Ry., D.C., 75 F. Supp. 737.

■ We think that under the statute the District Court was fully empowered to find for the appellee, contrary to the ruling of the Adjustment Board. It would be a strange construction in absence of express provisions, on the point to hold that the reviewing court may not set aside the findings and conclusions of a nongovernmental agency chosen and paid by the carriers and employees respectively. 45 U.S.C.A. § 153 (p, g). The provision that the suit for enforcement shall proceed as all other suits certainly signifies trial on the merits in the District Court. The enforcement suit is a suit *de novo* in which the findings of the Adjustment Board are not final and binding on the District Court as to either facts or law. Washington Terminal Co. v. Boswell, supra; Dahlberg v. Pittsburgh & L. E. Rd. Co., 3 Cir., 138 F. 2d 121; Order of Sleeping Car Conductors v. Pullman Co., D.C., 47 F.Supp. 599, 600.

As to the merits of the case, appellant contends that he was discharged without cause. Appellee points out that the Railway Labor Act was passed to encourage unionization and to promote collective bargaining, Texas & N. O. Rd. Co. v. Brotherhood of Railway & Steamship Clerks, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034; Elgin, J. & E. Ry. Co. v. Burley, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886, and contends that the Act gives appellant no remedy for his individual claim.

■ The Adjustment Board clearly had explicit authority to consider and rule upon appellant's grievance. Sections 152 and 153, 45 U.S.C.A., give the Board jurisdiction over disputes growing out of "grievances or out of the interpretation or application of agreements." This enactment clearly includes within the term "grievance" a dispute between the individual employee and the carrier. Cf. Elgin, J. & E. Rd. Co. v. Burley, supra, 325 U.S. at pages 723, 724, 65 S.Ct. 1282. This is true although he is not a member of a union. Patterson v. Chicago & Eastern Illinois Rd. Co., 50 F.Supp. 334.

■ The Board, then, had power to hear the case; but the controlling question is whether it was authorized to order reinstatement upon the facts presented in this record. We think the judgment must be affirmed for the simple reason that appellant did not prove his case. As the action was tried *de novo* in the District Court, appellant had the obligation as well as the opportunity to submit evidence necessary to establish his legal right to reinstatement. Appellant was entitled to reinstatement only if wrongfully discharged; he was wrongfully discharged only if some right arising out of contract or the law was violated by his discharge. No evidence was introduced from which the court could draw such a conclusion. The Railway Labor Act does not abrogate the employer's right to hire or discharge employees. Texas & N. O. Rd. Co. v. Brotherhood of Railway & Steamship Clerks, supra; Beeler v. Chicago, Rock Island & Pacific Ry. Co., 10 Cir., 169 F.2d 557. The statute creates no right of continued employment. No

statute or rule of law required the railroad to give the appellant an oral hearing, nor made it wrongful to demand a written statement. Appellant was not a union member and hence cannot rely upon any union contract as to duration or tenure of employment. If any individual contract between appellant and the carrier limited the prerogative of discharge and created a continued employment, nothing to that effect was introduced in evidence. The standard rules adverted to by the Adjustment Board as forbidding deferment of disciplinary action were not presented in evidence and no information was given as to their scope or terms. Counsel for appellant conceded in the District Court that the Board, in referring to such rules, had in mind the grievance procedures established by union contracts. While the Board under the statute has jurisdiction to hear an individual grievance, it is not authorized to write a contract for the parties nor to create substantive legal rights. Whether appellant's contract with the carrier was indefinite as to period of service and hence terminable at will or terminable only for cause was not shown. In absence of such showing it does not appear that the discharge was wrongful.

The judgment of the District Court is affirmed.