## NATIONAL LABOR RELATIONS BOARD v. CLEARWATER FINISHING CO.

### No. 6570.

United States Court of Appeals Fourth Circuit.

Argued April 15, 1953.

Decided May 1, 1953.

Frederick U. Reel, Attorney, National Labor Relations Board, Washington, D. C. (George J. Bott, General Counsel, David

P. Findling, Associate General Counsel, A. Norman Somers, Asst. General Counsel, and Thomas R. Haley, Attorney, National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

Frank A. Constangy, Atlanta, Ga., for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board directing the reinstatement with back pay of an employee found to have been discriminatorily discharged and finding an unfair labor practice in a question asked of another employee. The respondent has filed answer asking that the order be set aside because not supported by substantial evidence. The facts are set forth at length in the intermediate report of the trial examiner and the decision of the Board and may be briefly stated. Attempt was made early in 1949 to unionize certain employees of respondent. Respondent was opposed to unionization and engaged in certain unfair labor practices and discriminatorily discharged a number of employees. Complaint was made of this to the Board and a charge based thereon was filed by it. On January 18, 1951, a settlement agreement was entered into under which respondent reinstated a number of employees with back pay amounting to $10,000 and posted notices in the usual form.' On April 10, 1951, the Regional Director informed respondent that he was "satisfied that full compliance had been carried out". On April 24, 1951, the Union filed against respondent the charges here involved, alleging the discriminatory discharge of employees Hutto and Livingston in December preceding the settlement and the questioning of the employee Anderson the following February. The Board dismissed the charge as to Livingston but sustained it as to the discharge of Hutto and the questioning of Anderson.

■ The evidence shows that Hutto, an employee in respondent's shop, prevailed upon Livingston, an employee in its office, to furnish him information from the files in the office which he desired to use against respondent in the hearing of the charge which was then pending against it. The Board held that the conduct of Livingston in furnishing this information from the company's files was sufficient ground for his discharge. We think that the same was true of the conduct of Hutto who induced Livingston to furnish it. We find nothing in the evidence to warrant a finding that respondent discharged Hutto for any other reason or that the ground given for his discharge was not the true one. Hutto was discharged because he had been engaged in improperly abstracting information from the company's private files to use against it. The fact that he intended to use the information in a labor hearing did not justify what he did nor preclude respondent from discharging him for conduct which any employer would have resented whether connected with union activity or not.' Cf. Joanna Cotton Mills Co. v. N. L. R. B., 4 Cir., 176 F.2d 749, 751.

■ As to the questioning of Anderson, it appears that there was no more to this than that about a month after the settlement had been agreed upon the personnel officer of respondent made a casual inquiry of an employee as to how a union meeting had come out. The meeting was a public one and there was nothing to indicate that respondent was attempting to spy on the union or to intimidate its members. This isolated incident furnished no ground for the finding of an unfair labor practice, particularly in view of the settlement so recently agreed upon by the parties and the posting of notices pursuant to the agreement. N. L. R. B. v. Hart Cotton Mills, 4 Cir., 190 F.2d 964; N. L. R. B. v. Arthur Winer, Inc., 7 Cir., 194 F.2d 370; N. L. R. B. v. Hinde & Dauch Paper Co., 4 Cir., 171 F.2d 240; N. L. R. B. v. Mathieson Alkali Works, 4 Cir., 114 F.2d 796, 802–803; Martel Mills Corp. v. N. L. R. B., 4 Cir., 114 F.2d 624.

For the reasons stated, the petition for enforcement will be denied and the order of the Board will be set aside.

Enforcement denied.

Order set aside.