**ATLANTIC COAST LINE R. CO. v. BROTHERHOOD OF RY. & S. S. CLERKS, FREIGHT HANDLERS, EXPRESS & STATION EMPLOYEES.**

No. 6723.

United States Court of Appeals Fourth Circuit.

Argued Jan. 15, 1954.

Decided Feb. 9, 1954.

M. V. Barnhill, Jr., Wilmington, N. C. (W. B. Campbell, Wilmington, N. C., on the brief), for appellant.

Edward J. Hickey, Jr., Washington, D. C. (James B. Craighill, Charlotte, N. C., Clarence M. Mulholland, Toledo, Ohio, Tillett, Campbell, Craighill & Rendleman, Charlotte, N. C., Mulholland, Robie & Hickey, Toledo, Ohio, and James L. Crawford, Cincinnati, Ohio, on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from a judgment for plaintiffs in an action brought by a Railroad Brotherhood against the Atlantic Coast Line Railroad Company to recover damages in behalf of two employees alleged to have been discharged in violation of the terms of a collective bargaining agreement. The two employees were charwomen who were discharged on November 27, 1946, for drunkenness and disorderly conduct while on duty. The National Railroad Adjustment Board held that their discharge was wrongful because made without notice and hearing as provided for in a collective bargaining agreement; and on the basis of the Board's holding the District Judge gave judgment in behalf of the women for the difference between what their wages would have amounted to and what they had earned prior to the trial. The judgment in favor of one of the women was $10,019.33 and in favor of the other was $3,049.91, with an allowance of $3,000 to their attorneys, making a total award of more than $16,000. From this judgment the Railroad Company has appealed.

The provision of the collective bargaining agreement relied on is rule 28, which is as follows:

"An employee who has been in the service more than sixty (60) days or whose application has been formally approved shall not be disciplined or dismissed without investigation, at which investigation he may be represented by an employee of his choice or duly accredited representatives. He may, however, be held out of service pending such investigation. He shall, upon request, have not to exceed five (5) days' advance notice of such investigation and be apprised in writing of the charges against him. The investigation shall be held within ten (10) days of the date when charged with the offense or held from service. A decision will be rendered within ten (10) days after the completion of the investigation."

The facts are that on November 27 the two charwomen were dismissed and told not to return to work by their immediate superior because of alleged drunkenness, insubordination and use of profane and indecent language while on duty. On December 2 each of them addressed a letter to the defendant's Superintendent of Buildings asking whether she had been dismissed or suspended and was promptly advised that she had been dismissed. On December 9 each of them again wrote to the Superintendent of Buildings stating that the company had violated Rule 28 because no investigation had been held within ten days following the date she had been "held out of service". The Superintendent of Buildings wrote on December 11 that an investigation would be held on December 14, but an officer of the Brotherhood to which the women belonged replied that the union refused to agree to the investigation and demanded that they be returned to service with unbroken records and with pay for time lost. Neither appeared at the hearing scheduled for December 14. On December 23 each of the women was formally charged by letter "with the use of profane language, insubordination, and with being under the influence of intoxicants while on duty" and was notified to appear for an investigation which would be held at the office of the Superintendent of Buildings on December 30. Each was advised that she might be represented by an employee of her choice or a duly accredited representative as provided in the agreement. Neither appeared at the hearing, but an officer of the Brotherhood did appear and protested that evidence there taken would not be considered because the investigation was not being held within the time provided by the rule. The evidence presented at the hearing fully sustained the charges and on January 2, 1947 the women were notified that the charges were sustained and that they were dismissed from service.

Following the dismissal of the women on January 2, 1947, the Brotherhood acting in their behalf submitted their dispute to the National Railroad Adjustment Board which made an award holding that the dismissal without investigation was a violation of Rule 28 of the agreement and that the subsequent investigation without reinstatement of the women was a nullity. Order was entered in accordance with the award directing that the employees be returned to work and paid for all time lost. Upon failure of the railroad to comply with the order, the Brotherhood brought this action in the court below in behalf of the women. The railroad denied liability for any amount exceeding their wages from the time of their dismissal on November 27 until December 30, the date of the holding of the investigation. The railroad had tendered this amount to the Brotherhood prior to the submission of the dispute to the Board and, upon the filing of action in the court below, it paid the amount into court as the limit of its liability. The judgment, granting recovery for the wages the women would have earned in the positions from which they were dismissed, less their actual earnings, contained the anomalous condition that they should immediately resign the positions to which they were restored by the judgment.

The judgment appealed from is based upon the finding that the dismissals of November 27 were violative of the collective bargaining agreement because not based upon an investigation as required by rule 28 and upon the assumption that subsequent proceedings under the rule were void and should be disregarded. We think, however, that, even though we accept the finding of the Board and the District Judge that the dismissals of November 27 amounted to a wrongful discharge, it does not follow that the subsequent proceedings, which were conducted strictly in accordance with the rule, are to be disregarded. There is nothing in the rule requiring reinstatement of an employee who has been wrongfully discharged as a prerequisite to the investigation for which the rule provides; and where such investigation is properly held and a discharge is or-

dered as a result thereof, the employee who has been discharged without investigation prior thereto can have no greater right than to recover the damage which he has sustained as the result of the wrongful discharge, which would ordinarily be the amount of wages lost prior to the investigation for which the rule provides.

It is argued that the proceedings instituted by the railroad under the rule were void because the women were not restored to the position of employees before the proceedings were instituted and because these were not instituted within ten days of the time of the dismissal. We are not impressed by either contention. A dismissal in violation of the agreement certainly does not terminate the status of employees as such for the purpose of enforcing rights under the agreement; and there is no reason why formal reinstatement should be necessary for carrying out the investigation procedures for which the rule provides. The notice of December 23 was a recognition of the rights of the women as employees under the agreement. The company had a right to hold them out of service pending the investigation and nothing would have been added to their rights, practically or theoretically, by stating that they were restored to service but held out of service until the holding of the investigation to determine whether or not they should be retained. The purpose of the ten day provision is to expedite the proceedings for which the rule provides, not to serve as a limitation upon their being held; and the remedy for violation of that provision is damages for any delay that may have occurred, not reinstatement with an unassailable record or damages for an indeterminate period on the theory that the proceedings otherwise regularly held were a nullity. Collective bargaining agreements like other contracts are to be given a reasonable construction, not one which results in injustice and absurdity.

The judgment appealed from will be reversed and the case will be remanded with direction that judgment be entered for the wages due the women from Nov. 27 to Dec. 30, the correct amount of which was admittedly tendered prior to the commencement of action and was subsequently paid into court.

Reversed.