**BROTHERHOOD OF RAILWAY AND STEAMSHIP C L E R K S, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES, Appellant,**

v.

**ATLANTIC COAST LINE RAILROAD COMPANY, Appellee.**

**No. 7541.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 8, 1958.

Decided March 3, 1958.

---

James L. Highsaw, Jr., Washington, D. C. (Clarence M. Mulholland, Toledo, Ohio, Edward J. Hickey, Jr., William G. Mahoney, Washington, D. C., Mulholland, Robie & Hickey, Toledo, Ohio, and James L. Crawford, Cincinnati, Ohio, on the brief), for appellant.

M. V. Barnhill, Jr., Wilmington, N. C. (R. M. Nicol, Wilmington, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from a judgment for defendant in an action brought by a Railroad Brotherhood against the Atlantic Coast Line Railroad Company to enforce an order of the National Railroad Adjustment Board that a discharged employee, one B. B. Phillips, Jr., be restored to his former position with the company with seniority unimpaired and with pay for time lost as a result of his discharge. The Board, over the dissent of five of its members, had held that Phillips had been discharged by the company in violation of the terms of a collective bargaining agreement between it and the brotherhood. There was no dispute as to the facts of the case and both sides moved for judgment. The District Judge rendered judgment for the company and the brotherhood has appealed.

The facts may be stated briefly as follows: Phillips had been employed by the company as a clerk in the office of the Auditor of Freight Receipts and had an office in the General Offices of the Company in Wilmington, N. C. He was dismissed by the company because he had entered the offices of the company in the night after office hours, bringing with him a photographer to take photographs to be used against the company in litigation which had been instituted by another employee. Prior to his dismissal, he had been accorded a hearing as provided by the collective agreement with the brotherhood;[1] and, upon his

---

1. Rules 28, 29 and 36 of the collective bargaining agreement, which are the ones applicable, are as follows:

"Rule 28. An employee who has been in the service more than sixty (60) calendar days or whose application has been

dismissal, he appealed to the Board. The Board held that he had been improperly discharged because he had violated no rule of the agreement, saying: "The dominant factor in this case is, did the Claimant violate any rule of the current Agreement? It is admitted that he did not. In the absence of such a showing, no other course is left open to this Board than to hold that the Carrier acted in an arbitrary manner in exacting the discipline as it did in the instant case."

The District Judge heard the case on the evidence taken before the Board and the answers to the interrogatories filed in court. In denying enforcement of the order of the Board, he said:

"Surely Phillips could reasonably expect to be punished for his gross disloyalty. What could he have done that would have been more detrimental to his employer than assisting the employer's adversary in litigation that was in progress by obtaining evidence in a clandestine manner in his capacity as an employee? Such conduct has been condemned even when the evidence is thus sought for use in a labor hearing. N. L. R. B. v. Clearwater Finishing Co., 4 Cir., 1953, 203 F.2d 938. Phillips was in no way engaged in any protected union activity, but was helping a plaintiff press a personal injury claim. The Brotherhood insists that because Phillips' disloyal motive was not spelled out in the charge initially lodged against him but was raised

in argument before the Adjustment Board, his motive is irrelevant, or, if relevant, the failure to more fully describe the conduct complained of resulted in denial of a fair hearing. I am unable to agree with this argument. The contract does not contemplate that intercompany complaints be drafted with the particularity of criminal indictments or common-law pleadings. The complaint as heretofore quoted from the opinion of the Board was sufficient to fairly apprise Phillips and his representatives of the conduct for which he would be subject to discipline."

Two questions are presented by this appeal: (1) Was the District Court bound by the findings and order of the Board? (2) If not, was the order of the District Judge erroneous, either in law or in fact? We think that both questions must be answered in the negative and that the judgment appealed from should be affirmed.

■ We find no basis for the contention that the order of the Board is binding upon the District Court. On the contrary, the applicable statute expressly provides that, if the order of the Board is not complied with, suit to obtain relief may be instituted in the District Court, which shall proceed in all respects as other civil suits, except that the findings and order of the Board shall be prima facie evidence of the facts therein stated, with special provision as to costs and attorneys' fees. See 45 U.S.

---

formally approved shall not be disciplined or dismissed without investigation, at which investigation he may be represented by an employee of his choice or duly accredited representatives. He may, however, be held out of service pending such investigation. He shall, upon request, have not to exceed five (5) calendar days advance notice of such investigation and be apprised in writing of the charges against him. The investigation shall be held within ten (10) calendar days of the date when charged with the offense or held from service. A decision will be rendered within 10 calendar days after the completion of investigation.

"Rule 29. An employee dissatisfied with the decision shall have a fair and impartial hearing before the next proper officer provided written request is made to such officer within ten (10) calendar days of the date of the advice of the decision. Hearing shall be granted within ten (10) calendar days thereafter and a decision rendered within ten (10) calendar days after completion of hearing.

"Rule 36. If the final decision decrees that charges against the employee were not sustained, the record shall be cleared of the charge; if suspended or dismissed, the employee shall be reinstated and paid for all time lost."

C.A. § 153, subd. 1(p).[2] We have recently, in a suit between this same brotherhood and the same Railroad Company, reversed the judgment of a District Court enforcing an order of the Board finding that a dismissal was violative of a collective bargaining agreement. Atlantic Coast Line R. Co. v. Brotherhood of Ry. & S. S. Clerks, etc., 4 Cir., 210 F.2d 812. While the question here was not there discussed, the decision is directly in point, as the action of this court could not have been taken if the action of the Board had been binding on the courts.

Directly in point, also, is the decision of the Court of Appeals of the Sixth Circuit in Thomas v. New York, Chicago & St. L. R. Co., 6 Cir., 185 F.2d 614, 616, which sustained a judgment of a District Court denying enforcement of a Board order finding wrongful discharge of an employee and directing reinstatement. The court said:

> "We think that under the statute the District Court was fully empowered to find for the appellee, contrary to the ruling of the Adjustment Board. It would be a strange construction in absence of express provisions, on the point to hold that the reviewing court may not set aside the findings and conclusions of a nongovernmental agency chosen and paid by the carriers and employees respectively. 45 U.S.C.A. § 153(p, g). The provision that the suit for enforcement shall proceed as all other suits certainly signifies trial on the merits in the District Court. The enforcement suit is a suit de novo in which the findings of the Adjustment Board are not final and binding on the District Court as to either facts or law."

In Washington Terminal Co. v. Boswell, 75 U.S.App.D.C. 1, 124 F.2d 235, 240 affirmed 319 U.S. 732, 63 S.Ct. 1430, 87 L.Ed. 1694, it was held that an action for declaratory judgment could not be maintained to obtain an adjudication with respect to matters covered by 45 U.S.C.A. § 153. The opinion by Mr. Justice Rutledge went fully into the purpose of the statute and the effect to be given a Board order under that section, saying:

> "The Railway Labor Act makes no provision for review as such. But it does set forth a definite and special scheme for securing judicial determination that the award is or is not in accordance with the legal rights of the parties. * * *
>
> "It provides that the enforcement suit 'shall proceed in all respects as other civil suits, except that on the trial * * * the findings and order of the division of the Adjustment Board shall be prima facie evidence of the facts therein stated.' 45 U.S.C.A. § 153, First (p). The burden of proof, in making a prima

2. That subsection of the statute is as follows:

"(p) If a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, the petitioner, or any person for whose benefit such order was made, may file in the District Court of the United States for the district in which he resides or in which is located the principal operating office of the carrier, or through which the carrier operates, a petition setting forth briefly the causes for which he claims relief, and the order of the division of the Adjustment Board in the premises. Such suit in the District Court of the United States shall proceed in all respects as other civil suits, except that on the trial of such suit the findings and order of the division of the Adjustment Board shall be prima facie evidence of the facts therein stated, and except that the petitioner shall not be liable for costs in the district court nor for costs at any subsequent stage of the proceedings, unless they accrue upon his appeal, and such costs shall be paid out of the appropriation for the expenses of the courts of the United States. If the petitioner shall finally prevail he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit. The district courts are empowered, under the rules of the court governing actions at law, to make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order of the division of the Adjustment Board."

facie case, may be financial as well as procedural, and it may be heavy. The statute relieves the employee of this, at least to some extent, when he introduces the findings and order in evidence. Though they may not make his case finally, they do so initially. They also bring to the court the weight of decision on facts and law by men experienced in contracts, disputes and proceedings of this special and complicated character. * * * It cannot be assumed, therefore, that the findings have no substantive effect, merely because they were not given finality, as to either facts or law. They are probative, not merely presumptive in value, having effect fairly comparable to that of expert testimony. * * * It is true that the award is not a conclusive legal determination. That is true also of any decision, administrative or judicial, which is reviewable or determinable de novo by the courts."

▮ Appellant relies for its position upon subsection (m) of the same statute, 45 U.S.C.A. § 153, subd. 1(m), providing that awards of the Board shall be final and binding upon both parties to the dispute, except in so far as they shall contain a money award.[3] The purpose of this provision, however, was to give binding effect to the awards of the Board, which prior thereto could be given effect only by stipulation of the parties, not to give them the effect of unappealable decisions. To give them such effect would be directly contrary to the express provision of subsection (p), which, as above stated, provides that they shall be merely prima facie evidence. The question involved was squarely decided by the Court of Appeals of the Third Circuit in Dahlberg v. Pitts-

burgh & L. E. R. Co., 3 Cir., 138 F.2d 121, 123, where it was said:

"The reason for the choice of the words 'final and binding' will appear from the history of legislation providing for mediation of railway labor disputes. Under both the Act of May 20, 1926, 45 U.S.C.A. § 151 et seq. and the Transportation Act of 1920, 41 Stat. 456, as well as the system of labor mediation which was created during the first world war when the railroads were under federal control, the boards had advisory powers only. See Pennsylvania R. Co. v. United States Railroad Labor Board, 261 U.S. 72, 77, 43 S.Ct. 278, 67 L.Ed. 536. Under the Act of 1926 their awards could be given some practical effect, but only by stipulation. These provisions were not entirely successful and it is plain that the words in question adopted by the framers of the Act of 1934 make the decisions of the Board more efficacious than mere private advice. In this, however, there cannot be found an intention to invest them with the force of unappealable judicial decisions."

If it had been intended, as appellant argues, that the orders of the Board rendered pursuant to 45 U.S.C.A. § 153 should have the effect of awards of arbitrators, some such provisions as are contained in 45 U.S.C.A. §§ 158 and 159 which relate to arbitration under 45 U.S. C.A. § 157, would have been provided for their enforcement. The fact that an entirely different provision was made for the enforcement of Board orders under section 153 from that made for enforcement of arbitration awards entered under the existing statute relating to arbitration is a matter which cannot be ignored and which shows clearly that

3. That section is as follows:
   "(m) The awards of the several divisions of the Adjustment Board shall be stated in writing. A copy of the awards shall be furnished to the respective parties to the controversy, and the awards shall be final and binding upon both par-

ties to the dispute, except insofar as they shall contain a money award. In case a dispute arises involving an interpretation of the award, the division of the Board upon request of either party shall interpret the award in the light of the dispute."

Congress did not intend Board orders to have the effect of arbitration awards.

There is nothing to the contrary in Brotherhood of Railroad Trainmen v. Chicago River & Indiana Railroad Co., 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622, which held merely that the Norris-La-Guardia Act, 29 U.S.C.A. §§ 101–115 did not forbid the granting of an injunction to prevent a strike to defeat the jurisdiction of the Adjustment Board under the act. Nothing is said in the opinion which would deny to the courts the power to exercise the review clearly provided for in subsection (p) of section 153 in an enforcement suit brought under that section. To hold that the injunctive power may be exercised to compel compliance with the provisions of the act is a far cry from holding that the orders of the Board entered under the act are not subject to review in the method which the act itself provides.

It is argued that it is unfair to allow review to a carrier where enforcement of an order is sought against it and not allow review of the Board's action where it denies relief to an employee. This, however, is a matter for Congress, which was dealing in subsection (p) with the subject of enforcement of orders and may have thought that it was only in cases where it allowed review that review was a matter of any practical importance. At all events, the courts are without power to amend the statute or disregard its plain provisions.

Little need be said with respect to the second question. The Board was manifestly in error in holding that the discharge was wrongful merely because no rule of the current bargaining agreement had been violated. Phillips was accorded the hearing required by that agreement; and we agree with the District Judge that the nature of the charges against him were thoroughly understood and appreciated by all parties concerned at the time of the hearing. The Judge found that his discharge was not arbitrary or unreasonable on the part of the railroad in view of the attitude of disloyalty which he had manifested; and we cannot hold this finding to be clearly erroneous.

Affirmed.