BROTHERHOOD OF RAILROAD TRAINMEN, an unincorporated association, and A. W. Davis, Petitioners,

v.

LOUISVILLE AND NASHVILLE RAILROAD COMPANY, a corporation, Respondent.

Civ. A. No. 10073.

United States District Court
N. D. Alabama, S. D.

Dec. 6, 1962.

Al G. Rives and Clarence M. Small, Jr., Rives, Peterson, Pettus & Conway, Birmingham, Ala., and Wayland K. Sullivan, Cleveland, Ohio, for plaintiffs.

James A. Simpson, Lange, Simpson, Robinson & Somerville, Birmingham, Ala., and H. G. Breetz and M. D. Jones, Louisville, Kentucky, for defendant.

LYNNE, Chief Judge.

Invoking the jurisdiction of this court under the provisions of 45 U.S.C.A. § 153 First (p), petitioners pray for the enforcement of Award 19,862, Docket 36,935 of the National Railroad Adjustment Board, First Division, entered February 17, 1961, by an appropriate judgment against respondent.

Motions for a summary judgment were filed in behalf both of petitioners and respondent. Each of such motions was taken under submission and the court has had the benefit of oral arguments and briefs of counsel. For reasons hereinafter to be stated each is due to be denied.

On December 11, 1958, petitioner, A. W. Davis, was employed by respondent as Conductor on its Local Freight Train number 55 while W. B. Merritt was the Engineer operating respondent's Local Freight Train number 53. On that date the two trains were involved in a serious and costly collision near Peterman, Alabama.

Respondent discharged Davis and disciplined Merritt only to the extent of a six-day record suspension. After reviewing the facts, the Board found Merritt's responsibility for the collision to have been akin to that of Davis. It concluded that the disparity between the disciplinary actions taken resulted in impermissible discrimination and that Davis' discharge was therefore arbitrary. Davis' service record, disclosing previous disciplinary actions, was in evidence; Merritt's was not. The Board ordered Davis' reinstatement, with pay for all time lost and with all rights unimpaired, but with a record suspension of sixty days as of January 9, 1959.

The collective bargaining agreement then in force between the petitioning union and respondent provided, *inter alia:*

"Conductors will not be demerited, disciplined, or discharged without just cause * * *."

█ It is almost axiomatic that there is never just cause for the infliction of truly discriminatory punishment and the quoted provision of the contract would seem clearly to preclude it. Cf. Textile Workers Union of America, etc. v. American Thread Co., 291 F.2d 894 (4th Cir., 1961). The Board has consistently thus construed similar provisions in other railroad-union agreements. (See, e. g., Awards No. 6785, 16930, 15315, 1140, 18037, 16576, 17398, 19901, 18114, and 19378.) While the Board's interpretations of such agreements are not binding upon the courts they are entitled to more than usual respect. Slocum v. Delaware, L. & W. R. R., 339 U.S.

239, 243, 70 S.Ct. 577, 94 L.Ed. 795 (1950); Pennsylvania R. R. v. Day, 360 U.S. 548, 556–557, 79 S.Ct. 1322, 3 L.Ed. 2d 1422 (1959).

■ The burden of respondent's argument in support of its motion, conceding the validity of the foregoing proposition, is that there was an utter absence of evidence before the Board to support a conclusion of discrimination in the administration of discipline as between Davis and Merritt. Of course management has a right to take into account previous misconduct in determining appropriate disciplinary action. The service record of Davis received in evidence disclosed twelve infractions of varying degrees of severity. Merritt's record was not before the Board and respondent's argument runs that the Board was bound to assume, as it did in its Award No. 5397 (Jan. 13, 1941), that such record was good.

Since respondent, by giving Merritt a six-day record suspension, recognized that he was not free from fault in the collision, it is difficult to understand why it did not offer his previous record to justify its disparate treatment of Davis. There is respectable authority declaring that under these circumstances it was under a duty to present such evidence. Disciplinary Hearings Under the Railway Labor Act: A Survey of Adjustment Board Awards, Vol. 46, Minnesota Law Review, No. 2, pp. 290, 307, 320–322 (December, 1961).

■ Be that as it may, since the trial in this court on the issues tendered by the petition and answer is *de novo*, the court is of the firm opinion that the evidence offered in support of the respective motions for summary judgments shrieks of genuine issues of material facts to be resolved. Whether Davis was discharged without just cause would seem to depend upon whether he was discriminated against after considering all of the evidence relevant to the degree of fault on the part of both Davis and Merritt as well as the previous record of each of them.

There remains the question, raised by the court at oral argument, as to the availability of a trial by jury, demanded by petitioners. The court is of the opinion that respondent's oral motion to strike such demand is due to be denied.

■ It seems clear that the Congress, in enacting a statute creating a right unknown to the common law, may provide a remedy by trial to the court without the intervention of a jury. The Seventh Amendment would have no application. N. L. R. B. v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937). While some of the reasoning by analogy in that opinion, which led Professor Moore to apply its principles to a suit to enforce an award of reinstatement and back wages under the Railway Labor Act (5 Moore, Federal Practice, Par. 38.37 [3], at 301–302) may have been eroded by statements in Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), further pursuit of that intriguing probability would be at best an academic exercise.

Here the right involved was created not by statute but by contract. Thomas v. New York, Chicago & St. Louis R. Co., 185 F.2d 614 (C.A.6, 1950). The Act fashions a remedy for its enforcement. The problem is to determine whether the Congress intended to preclude a jury trial, Chappell & Co. v. Palermo Cafe, Inc., 146 F.Supp. 867, 868 (D.Mass.1956). If it did not, no Seventh Amendment question is reached.

■ In Meeker & Co. v. Lehigh Val. R. R., 236 U.S. 412, 430, 35 S.Ct. 328, 59 L.Ed. 644 (1915), the Supreme Court assumed, if it did not explicitly hold, that in a suit brought under 49 U.S.C.A. § 16, par. (2) to enforce a reparation award of the Interstate Commerce Commission a jury trial is demandable as of right. The provisions of 45 U.S.C.A. § 153 First (p), enacted in 1926, are, for all practical purposes, identical. The conclusion to be drawn from such comparison is almost self expressive. See also: Pennsylvania R. Co. v. Day, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422 (dissenting opinion) [1959].