**BROTHERHOOD OF RAILROAD TRAINMEN and A. W. Davis, Appellants,**

v.

**LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Appellee.**

**No. 20715.**

United States Court of Appeals Fifth Circuit.

July 9, 1964.

Al G. Rives, Clarence M. Small, Jr., Birmingham, Ala., C. D. Hawley, Cleveland, Ohio, for appellants, Rives, Peterson, Pettus & Conway, Birmingham, Ala., of counsel.

James A. Simpson, Henry E. Simpson, Lange, Simpson, Robinson & Somerville, Birmingham, Ala., H. G. Breetz, M. D. Jones, Louisville, Ky., for appellee.

Drayton T. Scott, William F. Gardner, Cabaniss, Johnston, Gardner & Clark, Birmingham, Ala., Amicus Curiae.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and McRAE, District Judge.

TUTTLE, Chief Judge.

This case arises from a petition to enforce an award of the National Railroad Adjustment Board requiring the Louisville and Nashville Railroad to reinstate and pay back pay to petitioner-appellant A. W. Davis, a member of the Brotherhood of Railroad Trainmen. The Railroad discharged Davis for his part in a rear-end collision of two L & N freight trains within the yard limits of Peterman, Alabama, on December 11, 1958. Davis was the conductor stationed in the caboose of a half-mile long, southbound freight train. The Railroad charged that he failed to keep a proper watch and to place a flagman as required on the rear of the train during a back-up operation; the back-up ended when his train collided with another southbound freight. The engineer of the other freight was given a 60-day record suspension for his part in the collision.

Davis processed a grievance of his discharge through appropriate steps and the matter was submitted to the Board for its decision. The referee found that Davis was to some degree at fault but decided that his neglect was akin to that of the engineer on the other train and hence that the harsher discipline of Davis was discriminatory. Davis was ordered reinstated with pay for lost time and with all rights unimpaired but with a record suspension of sixty days. The Railroad refused to comply and enforcement was sought under 45 U.S.C.A. § 153(p). The Brotherhood filed a motion for summary judgment in part seeking immediate enforcement of that portion of the award ordering Davis's reinstatement, but this was denied. The district court ordered a trial *de novo*, in which Davis's service record was admitted, on the merits of the award and a jury found for the Railroad on the issue whether Davis had been discharged for cause.

Appellants first specify as error the trial court's refusal to grant partial summary judgment enforcing reinstatement without review on the merits by trial *de novo*. They contend that such a review of non-money awards is barred by 45 U.S.C.A. § 153(m):—"[T]he awards shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award." A similar contention has recently been rejected by this Court in Jones v. Central of Ga. Ry., 5th Cir., 1964, 331 F.2d 649, where a summary judgment denying a petition to enforce an NRAB award of reinstatement and back pay was affirmed. The Court there noted the long line of cases which have consistently held that 45 U.S.C.A. § 153(p),[1] conferring jurisdiction on the courts to enforce NRAB awards, gives the district court the power to conduct a *de novo* review of non-money awards of the NRAB. We shall therefore only set out the reasoning used to arrive at this result rather than attempting to examine all of the cases in the field.

---

1. "If a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, the petitioner, or any person for whose benefit such order was made, may file in the District Court of the United States for the district in which he resides or in which is located the principal operating office of the carrier, or through which the carrier operates, a petition setting forth briefly the causes for which he claims relief, and the order of the division of the Adjustment Board in the premises. Such suit in the District Court of the United States shall proceed in all respects as other civil suits, except that on the trial of such suit the findings and order of the division of the Adjustment Board shall be prima facie evidence of the facts therein stated * * *. The district courts are empowered, under the rules of the court governing actions at law, to make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order of the division of the Adjustment Board."

In addition to the advantages of being able to select the venue for the suit and of having the weight of prima facie evidence given the Board's award, the petioner is allowed by the section a reasonable attorney's fee if he prevails and access to the courts without liability for any court costs unless they accrue upon his appeal.

The enforcement provision, subsection (p), makes no distinction between money awards and non-money awards. It refers generally to "an order" of the Board with which the carrier refuses to comply. If any order of the Board is to be enforced in a district court, the procedure set forth in subsection (p) must be followed. The petition must set forth the causes for which relief is claimed as well as the order of the Board; the suit "shall proceed in all respects as other civil suits;" the Board's order is only to be "prima facie evidence of the facts therein stated;" and, finally, the court may make the appropriate order to enforce or set aside the order. From these it is apparent that a trial *de novo* on the merits is contemplated. See Thomas v. New York, C. & St. L. Ry., 185 F.2d 614, 616 (6th Cir. 1950); Dahlberg v. Pittsburgh & L.E. R.R., 138 F.2d 121, 122 (3d Cir. 1943). Although the award of the NRAB is to have some probative weight it is not to be legally conclusive even though it is a non-money award. See Washington Terminal Co. v. Boswell, 75 U.S.App.D.C. 1, 124 F.2d 235, 243 (1941), aff'd by an equally divided court, 319 U. S. 732, 63 S.Ct. 1430, 87 L.Ed. 1694 (1943). The provision in section 153(m) that a non-money award is to be "final and binding" obviously has some limits— an award beyond the statutory authority of the Board would not be binding and no award can be enforced without the aid of the courts—see Dahlberg v. Pittsburgh & L.E. R.R., supra at 122 of 138 F.2d, and construing subsection (m) in the context of the entire provision, including subsection (p), "final and binding" may be taken to mean that it is final so long as there is no effort to enforce the award under subsection (p), see Cook v. Des Moines Union Ry., 16 F.Supp. 810, 813 (S.D.Iowa 1936).

"The reason for the choice of the words 'final and binding' will appear from the history of legislation providing for mediation of railway labor disputes. Under both the Act of May 20, 1926, 45 U.S.C.A. § 151 et seq. and the Transportation Act of 1920, 41 Stat. 456, as well as the system of labor mediation which was created during the first world war when the railroads were under federal control, the boards had advisory powers only. See Pennsylvania R. Co. v. United States Railroad Labor Board, 261 U.S. 72, 43 S.Ct. 278, 67 L.Ed. 536. Under the Act of 1926 their awards could be given some practical effect, but only by stipulation. These provisions were not entirely successful and it is plain that the words in question adopted by the framers of the Act of 1934 make the decisions of the Board more efficacious than mere private advice. In this, however, there cannot be found an intention to invest them with the force of unappealable judicial decisions." Dahlberg v. Pittsburgh & L. E. R.R., supra at 123 of 138 F.2d, quoted with approval in Brotherhood of Ry. & S.S. Clerks, etc. v. Atlantic Coast Line R.R., 253 F.2d 753, 757 (4th Cir. 1958).

Appellants nevertheless argue that this widely approved construction is incorrect in light of certain language in Brotherhood of Locomotive Eng'rs. v. Louisville & N. R.R., 373 U.S. 33, 83 S.Ct. 1059, 10 L.Ed.2d 172 (1963). The Supreme Court there held that where a carrier reinstated an employee in accord with an NRAB award but insisted, in complying with the back pay order, upon deducting amounts the employee earned from other employers, the union could be enjoined from striking to enforce its interpretation of the Board's award. In the course of the opinion the Court said:

"We do not deal here with non-money awards, which are made 'final and binding' by § 3 First (m). The only portion of the award which presently remains unsettled is the dispute concerning the computations of Humphries' 'time lost' award, an issue wholly separable from the merits of the wrongful discharge issue. This, then, is clearly a controversy concerning a 'money award,' as to which decisions of the

Adjustment Board are not final and binding. * * *

"* * * Congress has, in effect, decreed a two-step grievance procedure for money awards, with the first step, the Adjustment Board order and findings, serving as the foundation for the second. Money awards against carriers cannot be made final by any other means."

We would hesitate to overrule such a well-established precedent on the basis of dictum concerning an issue with which the Court expressly stated it did not deal; it certainly is not a clear mandate for a change. Moreover, we cannot agree that the language used compels the conclusion, as appellants contend, that the Supreme Court intends that a non-money award should be enforced without *de novo* review on the merits. The language in the above quoted passage merely paraphrases the statute; the Court reiterates that awards are final and binding except insofar as they contain a money award, as section 153(m) provides. The Court then refers to section 153(p) to find the mechanism for making a money award final. The fact that non-money awards are made final by a Board order whereas money awards are not, has not been questioned; this, however, does not touch upon the procedure for enforcement of the awards which the Court of Appeals authorities uniformly recognize must be a trial *de novo* on the merits for both types of awards. That the Supreme Court in the Brotherhood of Locomotive Engineers case did not intend to overturn these settled precedents may at least be inferred from the Court's two citations, 373 U.S. at 39, 41, 83 S.Ct. 1059, with apparent approval of Washington Terminal Co. v. Boswell, supra, which is the landmark case for *de novo* review. See Jones v. Central of Ga. Ry.,

supra. We recognize, of course, that two dissenting Justices drew the opposing inference from the Court's opinion. See 373 U.S. at 43, 83 S.Ct. 1059 (Goldberg, J., dissenting).

To appellants' further argument that *de novo* review of non-money awards thwarts the policy of according finality to settlement by arbitration of labor disputes as expressed in the Steelworkers Trilogy, see, e. g., United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), we state as did the Fourth Circuit in Brotherhood of Ry. & S.S. Clerks, etc. v. Atlantic Coast Line R.R., supra at 757–58 of 253 F.2d:

"If it had been intended * * * that the orders of the Board rendered pursuant to 45 U.S.C.A. § 153 should have the effect of awards of arbitrators, some such provisions as are contained in 45 U.S.C.A. §§ 158 and 159 which relate to arbitration under 45 U.S.C.A. § 157, would have been provided for their enforcement. The fact that an entirely different provision was made for the enforcement of Board orders under section 153 from that made for enforcement of arbitration awards entered under the existing statute relating to arbitration is a matter which cannot be ignored and which shows clearly that Congress did not intend Board orders to have the effect of arbitration awards."

Appellants also specify as error the admission of Davis's service record in evidence before the jury. It is their position that the service record was not used in the Railroad's investigation and hence its admission at the trial was in violation of the collective bargaining agreement.[2] They urge that this record, which showed Davis had been given a total of 195 days

2. "Article 31. Investigations and Discipline.
"1. Conductors will not be demerited, disciplined or discharged without just cause. When such action shall become necessary, the accused shall be * * * given an investigation by the proper officer of the Railroad, at which time all evidence in the case will be submitted. A proper record in the case will be kept, authenticated by both parties, and made the basis for any discipline that may be administered, or an appeal to a higher officer."

of record suspensions for twelve infractions over an eighteen-year period, prejudiced Davis in the eyes of the jury by showing he had been disciplined in the past.

At the outset we are puzzled by appellants' objection to the admission of the service record since attorney for appellants, before the hearing in the court below, moved for production of the service records of Davis and the engineer of the other train, swearing that they were pertinent to the issues in the case. Additionally, the pre-trial order states that all parties agreed that the issue to be decided was whether there was just cause for discharging Davis on the basis of the relative degree of fault of Davis and the engineer "as well as the previous record of each of them."

In addition to the apparent inconsistency of the positions of appellant, we find no error in the admission of Davis's service record. The issue to be decided was whether the discipline imposed was warranted, and certainly Davis's service record is evidence on the validity of his discipline. But appellants say it should be barred simply because of an alleged failure to comply with the procedure outlined for the Railroad's investigation. Yet as we pointed out above section 153(p) provides for a trial *de novo* "in all respects as other civil suits," except for the special weight accorded the Board's order, and a trial *de novo* contemplates a trial of the entire controversy, including the introduction of evidence not limited to that brought in at the previous hearing. See, e. g., Spano v. Western Fruit Growers, Inc., 83 F.2d 150, 152 (10th Cir. 1936). Thus Callan v. Great Northern Ry., 299 F.2d 908, 913 and n. 5 (9th Cir. 1961), approved a jury instruction stating that both sides have the right to introduce all available evidence on the correctness of an award. Moreover, Butler v. Thompson, 192 F.2d 831, 833 (8th Cir. 1951), made it clear that procedures set up in a collective bargaining contract for investigations and hearings before company officials do not apply when the statutory machinery for review before the NRAB is invoked. In the case at bar we find no essential unfairness in the admission of Davis's service record; the parties certainly must have known of it beforehand and the award of the Board, since it was based on the disparity of treatment of Davis and the engineer, high lighted the need to compare their respective service records. The contention that admission of the service record was error is without merit.

The judgment is affirmed.