C. E. RUSS, Plaintiff-Appellee,

v.

SOUTHERN RAILWAY COMPANY,
Defendant-Appellant.

No. 15482.

United States Court of Appeals
Sixth Circuit.

July 16, 1964.

been discharged by the railroad for violation of its safety and operating rules.

The facts are fully stated in the opinion of the District Judge, reported in 218 F.Supp. 634, and need be referred to only briefly, here.

The controversy arose out of a collision in which a train operated by Engineer Russ, collided with one of Southern's track motor cars, killing the operator of the car. After an investigation, the railroad discharged Engineer Russ and Fireman J. D. Cox, on May 15, 1958, for violation of its safety and operating rules.

A warning had been given by the Assistant Supervisor to Russ, prior to the collision, that the track motor car was in the area ahead. Russ communicated this warning to Cox. In such a situation, the rules of the railroad required that the train be operated at a reduced speed sufficient to bring it to a stop within the assured clear distance ahead. The rules also required the fireman to maintain a lookout for obstructions on the tracks and to warn the engineer thereof.

The railroad reinstated the fireman on September 27, 1958, on a leniency basis, without pay for time lost, but did not reinstate Engineer Russ.

In February, 1959, the Brotherhood of Locomotive Engineers made claim to the National Railroad Adjustment Board in behalf of Russ and Cox, for restoration of service and back pay. The Board on January 31, 1961 made findings to the effect that the accident was per se a violation of the rule requiring the engineer to operate the train at a reduced speed so that he could stop within the assured clear distance ahead. It found, however, that there was "a wide disparagement [1] in the punishment" which the railroad administered to the engineer and fireman which could not be justified. It was of the view that there was no issue involved over the degree of reponsibility involved in the two positions. It denied the claim of Cox for back pay, but ordered

Argued by James I. Hardy, Washington, D. C., Clyde W. Key, Knoxville, Tenn., on the brief, for appellant.

Argued by Harold A. Ross, Cleveland, Ohio, W. E. Fitzgerald, Knoxville, Tenn., Marshman, Hornbeck, Hollington, Steadman & McLaughlin, Cleveland, Ohio, on the brief, for appellee.

Before WEICK, Chief Judge, and MILLER and PHILLIPS, Circuit Judges.

WEICK, Chief Judge.

This appeal is from an order of the District Court enforcing the monetary portion of an award and order of the National Railroad Adjustment Board which directed Southern Railway Company to reinstate, with back pay, C. E. Russ, a locomotive engineer who had

1. We believe that the word 'disparity' was intended.

Russ reinstated as of the same date when Cox was reinstated namely, September 27, 1958, and with back pay from that date amounting to $22,903.05, and seniority unimpaired.[2]

The railroad restored Russ to service on May 29, 1961, without pay for lost time, and ordered him to report for duty on July 20, 1961. It refused to comply with the back pay provisions of the order, with the result that the Brotherhood and Russ filed proceedings in the District Court to enforce the monetary portion of the Board's order. The Board was dismissed from the case, which proceeded with Russ as party plaintiff.

The case was tried de novo in the District Court on the record before the Board and on new evidence offered in Court. In a memorandum opinion, the Court held that the evidence sustained the finding of the Board that Engineer Russ had violated the railroad's rule. The Court was of the view, however, that while the Board could not usurp the prerogative of management to discipline employees for violation of safety rules, it had the right to determine whether the discipline was too severe, and to fashion a remedy within the framework of the bargaining agreement between the railroad and the Brotherhood of Locomotive Engineers. The Court was of the opinion that the evidence supported the finding of the Board that the penalty of permanent termination of work was too severe and that the order of the Board restoring Russ to duty with back pay was within the framework of the bargaining agreement and was valid and enforceable. He entered judgment against the railroad in the sum of $22,903.05, which was for the full amount of the award, reserving the application of plaintiff for allowance of attorneys' fees pending review by this Court.

At the outset the question is presented as to the force and effect of the monetary award made by the Board and the scope of review by the District Court and this Court.

The Railway Labor Act provided that the awards of the Board "shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award." 45 U.S.C. § 153 First "m."

With respect to suits for enforcement, the Act provided that they "shall proceed in all respects as other civil suits, except that on the trial of such suit the findings and order of the division of the Adjustment Board shall be prima facie evidence of the facts therein stated * * *" and the District Courts are empowered to enter such judgment "as may be appropriate to enforce or set aside the order of the division of the Adjustment Board." 45 U.S.C. § 153 First (p.).

■ The Board had exclusive primary jurisdiction over disputes arising out of collective bargaining agreements. Penn-

2. The Board said:

"The question exists, however, that while the proximate cause of the accident was the responsibility of others than the claimants, was there a violation of the carrier's rules by claimants, sufficient to warrant the punishment imposed? A warning had been given that a track motor car was in the area ahead. The obligation then existed to operate the train at a reduced speed prepared to stop within the assured clear distance ahead. The accident was, per se, evidence of the violation of the rule. However, the docket further discloses that on September 27, 1958, claimant J. D. Cox was restored to service on a leniency basis, without pay for time lost, as carrier was of the opinion the discipline thus far assessed was sufficient punishment for his offense. The organization makes no reply to this position. The issue is not one of the degree of claimants' responsibilities and we need not define the extent of each. The carrier having determined that the punishment for one was sufficient, there is a wide disparagement in the punishment of the other, which cannot be justified. The claim of C. E. Russ should be sustained to the extent that he should be restored to service as of September 27, 1958, with full compensation from that date, and seniority rights unimpaired. The claim of J. D. Cox should be denied in accord with these findings."

sylvania R. Co. v. Day, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422; Hodges v. Atlantic Coast Line R. Co., 310 F.2d 438 (C.A.5).

■ An award which does not contain an order for the payment of money is final and binding on both parties to a dispute. Brotherhood of Locomotive Engineers v. Louisville & Nashville R. Co., 373 U.S. 33, 40, 83 S.Ct. 1059, 10 L. Ed.2d 172; Brotherhood of R. R. Trainmen v. Chicago R. & I. R. Co., 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622.

■■ It is clear, however, from the express language of the statute, that money awards of the Board are not final and binding, but the railroad may appeal therefrom to the District Court and obtain a de novo hearing. Washington Terminal Co. v. Boswell, 75 U.S.App.D.C. 1, 124 F.2d 235, affirmed by a divided Court in 319 U.S. 732, 63 S.Ct. 1430, 87 L.Ed. 1694; Thomas v. New York, Chicago & St. Louis R. Co., 185 F.2d 614 (C.A.6); Callan v. Great Northern Ry. Co., 299 F.2d 908 (C.A.9); Brotherhood of Railway, etc. v. Atlantic Coast Line R. Co., 253 F.2d 753 (C.A.4); Boos v. Railway Express Agency, Inc., 8 Cir., 253 F.2d 896. The Court may take evidence and is not bound by the findings of fact of the Board, which are only prima facie evidence. The award, however, carried with it a presumption of validity. Trainmen v. Chicago R. & I. R. Co., supra. The weight to be given to it is comparable to that accorded to expert testimony. Washington Terminal Co. v. Boswell, supra; Thomas v. New York, Chicago & St. Louis R. Co., supra. The Court is empowered to enforce or set aside the Board's order. Brotherhood of Locomotive Engineers v. Louisville & Nashville R. Co., supra, 373 U.S. pp. 41 and 43, 83 S.Ct. 1059; Brotherhood etc. v. Railway Express Agency, 238 F.2d 181 (C. A.6).

■ The burden of proof was on the railroad to prove that the award was wrong. Elgin, Joliet & Eastern Ry. Co. v. Burley, 327 U.S. 661, 66 S.Ct. 721, 90 L.Ed. 928; Brotherhood etc. v. Railway Express Agency, supra.

■ Since these suits in the District Court are to proceed as other civil suits and the trial is anew, the Court was free to adopt findings of fact and conclusions of law. The scope of appellate review would seem to be the same as in other civil cases. The reviewing court is bound by the clearly erroneous rule. Rule 52(a) Federal Rules of Civil Procedure.

The railroad points out that both the Board and the Court found as a fact that Engineer Russ had violated one of its rules. It contends that it had the right to discharge Russ for such violation, and its action in so doing was in the exercise of the prerogative of management, which could not be usurped by the Board in the absence of a showing of discrimination or arbitrariness on its part.

Russ and Cox both contended before the Board that they did not violate any rule of the railroad. This point is not in issue in this appeal. Russ contends here that the discipline imposed on him by the railroad was too severe, taking into account his long record of service and when compared with that administered to the fireman, was discriminatory. He claims the Board had the right to fashion a remedy and likens the case to a voluntary arbitration proceeding. He cites the trilogy of Steelworkers cases as authority. United Steel Workers v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steel Workers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steel Workers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424.

The collective bargaining agreement contained no provision for arbitration. It did provide procedure for investigations and discipline as follows:

"Article 31. Investigations and Discipline.

"(1) Engineers will not be discharged or demerited without the authority of the Superintendent, and after he has reviewed the evidence, he will give the engineer an opportunity of being heard in his defense.

Investigation will be held by proper officer within five days if possible, and the accused engineer and his representative will have the privilege of hearing all evidence submitted and interrogating all witnesses. An engineer will have the privilege of having another employee in engine service with him at the investigation, to assist him, provided such assistant is in good standing on the division. If found blameless, he will be paid for time lost and placed back on his run. If discharged or demerited, he will be advised within thirty days of the cause, and, if requested in writing, written statement showing the cause will be furnished him within fifteen days from date of receipt of request."

The collective bargaining agreement contained provisions for the processing of grievances, which were followed in this case.

■■ We find nothing in the agreement or in the Act which limited the right of the railroad to discharge an employee for cause. In the absence of a statute or an agreement, an employer may discharge his employee for cause or without cause. Violation of a rule certainly justified a discharge even for cause. 56 C.J.S. Master and Servant § 28(49) p. 219.

The Board would not be justified in ordering reinstatement without a finding that the discharge was wrongful. Thomas v. New York, Chicago & St. L. R. Co., supra; Tinnon v. Missouri Pacific R. Co., 282 F.2d 773 (C.A.8).

■ The Board made no such finding here. Its finding was only that there was a disparity in the punishment imposed for the engineer in relation to that administered for the fireman. It then proceeded to impose the same discipline on each without making any determination as to either the degree of responsibility or fault. It stated:

"The issue is not one of the degree of claimant's responsibilities and we need not define the extent of each."

The District Court entertained the same view and he made no findings with respect to this issue.

At the time the railroad discharged Russ and Cox for violation of its rules, it accorded to both the same treatment. There was no discrimination. The charge of discrimination arose only because four months later the railroad reinstated Cox, on considerations of leniency, but extended no leniency to Russ. About thirty-three months after dismissal, following the entry of the Board's order, the railroad voluntarily reinstated Russ, but without back pay. Cox lost four months' pay, and Russ thirty-three months' wages. This was the posture of the case when it was tried in the District Court.

■ We pass the issue of severity of the discipline discussed by the District Court, because the Board based its decision on discrimination, and Russ has been reinstated. The issue of discrimination might have merit if the duties, responsibilities and conduct of the engineer and fireman were the same. Cf. Brotherhood of Railway Trainmen v. Louisville & Nashville R. Co., 211 F. Supp. 308, 310 (N.D.Ala.,S.D.1962). But they were not identical and in our judgment did not require the same discipline.

The engineer had a much greater responsibility than the fireman. He was in control of the operation of the train. The throttle and brake levers were on his side of the cab. There was an emergency brake lever on the fireman's side, which he could use only in an emergency. Every crew member was required to take orders from the engineer. The fireman was required to assist the engineer and to take orders and instructions from him. There was a difference in the salary paid for the two positions. It was the engineer who, in violation of the rule, failed to bring the train to a stop within the assured clear distance ahead after he had received a warning as to the presence of the track motor car.

Some of the rules which both engineer and fireman were charged with violating,

were identical; others, such as the duty to warn, applied only to the fireman.

We are of the view that considerations applicable to voluntary arbitration do not apply here. Title 45 U.S.C. § 157 provides that disputes may be submitted to arbitration, but this procedure was not utilized. If it had been used, then the arbitrator could have fashioned a remedy and made an award which would have been binding on both parties. The trilogy of the Steel Workers cases, relied on by Russ, supports this proposition.

Russ was not required to utilize the provisions of the Act, but could have instituted an action for damages for wrongful discharge, against the railroad, in a court of competent jurisdiction. Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089; Slocum v. Delaware L. & W. R. Co., 339 U.S. 239, 244, 245, 70 S.Ct. 577, 94 L.Ed. 795; Transcontinental & Western Air v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L. Ed. 1325.

In a suit for damages, the only remedy the Court could fashion would be to apply the law of Master and Servant. If the discharge was not wrongful, damages could not be recovered.

It should be pointed out that the proceedings before the Board amounted to compulsory arbitration. The Board was not a governmental agency. Its members were named by the railroads and the unions. The appeal afforded the railroad in money awards, where liability could be tested according to legal considerations, was probably necessary to give constitutional validity to the Act.

Here the Board and the Court found that the engineer had violated the company rule. Neither found that the discharge was wrongful. Neither found that the railroad in discharging the engineer acted arbitrarily. We think that the award based on discrimination, without taking into account differences in duties and in the degree of responsibility and fault, was arbitrary. The monetary portion of the remedy fashioned by the Board was not final and conclusive but was subject to judicial review in a de novo trial. The money judgment entered by the District Court against the railroad was erroneous.

The judgment of the District Court is reversed and the cause remanded, with instructions to set aside the award of the Board.