UNITED STEELWORKERS OF AMERICA, AFL–CIO, United Steelworkers of America, Local No. 1123, Plaintiffs-Appellees,

v.

The TIMKEN ROLLER BEARING COMPANY, Defendant-Appellant.

No. 15205.

United States Court of Appeals
Sixth Circuit.

Dec. 5, 1963.

John G. Ketterer and John F. Buchman, III, Canton, Ohio (Day, Cope, Ketterer, Raley & Wright, Robert M. Rybolt, John F. Buchman, III, Canton, Ohio, on the brief), for appellant.

Herschel Kriger, Canton, Ohio, for appellees.

Before CECIL, Chief Judge, PHILLIPS, Circuit Judge, and TAYLOR, District Judge.

PHILLIPS, Circuit Judge.

This is an appeal from a District Court judgment enforcing an arbitration award and remanding the case to the arbitrator for computation of the amount of back pay due under the award. The case initially presents the question of whether the arbitrator did in fact make an award of back pay, which question necessarily must be answered before deciding whether or not the award is to be enforced.

The parties are the United Steelworkers of America and its affiliate, Local 1123, in Canton, Ohio (hereinafter referred to as the union), and the Canton Bearing Plant of the Timken Roller Bearing Company (hereinafter referred to as the company). The dispute arose when the company changed the incentive wage rates on three of its machines. The company had made some mechanical alterations on the machines which increased their speed of operation and production.

The employees filed a grievance protesting the establishment of the new rates. The grievance was denied by the company, and, pursuant to the collective bargaining agreement then in force, it was submitted for arbitration. The bargaining agreement provided, in Article V, Section B:

"B. New Rates.

It is recognized that the Company at its discretion may find it necessary or desirable from time to time to establish new wage rates or to adjust existing wage rates because of the following circumstances:

1. Changes, modifications, or improvements made in equipment, material or product.

2. New or changed standards of manufacture in:
   a. Processes
   b. Methods
   c. Quality"

At the hearing before the arbitrator, the company contended that the changes in the machines were such as to come within the quoted section of the contract, and therefore the company, in its dis-

cretion, could change the wage rates. The union, on the other hand, argued that what was done to the machines did not constitute changes recognized under V B, and therefore did not permit the company to change the rates. This points up the issue which was before the arbitrator.

The arbitrator found that the changes on the two smaller machines were not such as would permit the company, under V B, to change the wage rate. Changes on the large machine, however, were held to be sufficient to come within the contract provision and allow the company to change the wage rate.

The company paid its portion of the arbitrator's fee, and then did nothing further. By the time the arbitrator's decision was handed down the company had scrapped the three machines and with them the disputed wage rates.

Some time thereafter the union wrote to the company and asked why the employees in question had not been paid the back wages due to them under the arbitration award, that is, the difference between the wage rates for the time they were working on the altered machines. The company replied that it did not intend to pay such sums because the arbitrator did not make an award of any back pay, and would not have had the authority to do so under the contract.

Shortly after receipt of this letter, the union filed suit in the District Court seeking enforcement of the arbitration award and specifically the payment of the back wages. The company answered, raising essentially the two points that (1) the arbitrator did not make an award of back pay, and (2) if he did, he exceeded his authority under the contract.

The District Court had jurisdiction under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. Textile Workers of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972; A. L. Kornman Co. v. Amalgamated Clothing Workers of America, 264 F.2d 733 (C.A.6).

The union's motion for summary judgment was granted by the District Court. The Court held that the arbitrator had awarded back pay, and that to do so was within his authority under the contract. The court granted enforcement and remanded the case to arbitration to determine the exact amount of back pay that was due. The company has appealed from this judgment.

■ In this Court the company presents the two arguments asserted in the District Court: that the arbitrator did not award back pay, and would not have had authority to do so. The company also argues that the arbitrator exceeded his authority in holding that the changes concerning the two smaller machines would not justify the company in establishing new rates under the terms of the 1956 agreement. We agree with the District Court that this latter argument goes to the merits of the grievance, and under the three controlling Supreme Court cases it is not our function to inquire into the determination made by the arbitrator in this respect. United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers of America v. Warrior & Gulf Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424.

■ The question of back pay, however, poses a completely different problem under these circumstances. It is true, as appellee vigorously contends, that those three Supreme Court cases greatly limit the judicial function in this area, but we are of the opinion that we are not required to enforce an award that is not clear as to its meaning and effect.

■ The two issues involved are whether the arbitrator in fact made an award of back pay and if so, did he thereby exceed his authority under the collective bargaining agreement. If the first issue is answered in the negative, it becomes unnecessary to reach the second question.

The original grievance filed by the employees began with the words: "We protest the establishment of new rates on all jobs run on the automatic bore machines," and concluded: "We request that we be paid the old established rates and that the new rates and the trial period be eliminated." This grievance would seem to seek only a present remedy, that is, reestablishment of the old rates, and there is no language which explicitly requests an award of back pay.

The arbitrator proceeded to decide the grievance. For our purposes, the pertinent language in his opinion is as follows:

"Holding as I do that there was no change concerning machines 9773 and 9774 which would justify the Company in establishing new rates under the terms of the 1956 Agreement, it naturally follows that the employees in question should be paid the applicable rates in existence prior to February 11, 1959, for those two machines."

Appellee contends that this constituted an award of back pay, as held by the District Court. We cannot agree. It may be that the arbitrator intended to award back pay but we find nothing in the quoted language which supports this conclusion. The arbitrator said only that the employees "should be paid" at the designated rates, not that they "should have been paid" during the period prior to his decision during which the two machines were in operation.

Appellee relies upon the Supreme Court statement that "[a] mere ambiguity in the opinion accompanying an award * * * is not a reason for refusing to enforce the award." United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598, 80 S.Ct. 1358, 1361–1362, 4 L.Ed.2d 1424. Here it is the award itself which is ambiguous. We would not know what to enforce. Nowhere in his opinion does the arbitrator mention back pay, his authority to award it, or the amount, or use any words indicating that the employees are entitled to back pay for the period prior to the award.

The District Court held that the arbitrator did make an award of back pay. The Court looked to the following language of the bargaining agreement:

"A grievance may be filed by any employee who is affected by such new rate * * * which grievance shall be processed under the grievance procedure of this agreement through arbitration, if necessary. Any change in rate resulting from the foregoing procedure shall be retroactive to the effective date of the new rate."

The District Court held that the application of this language to the arbitrator's decision results in the conclusion that back pay was allowed. We disagree. There is no language in the award indicating an intention to fix "the effective date of the new rate" at a time prior to the date of the award. In this award as it now stands we find nothing to indicate that back pay was intended to be awarded. Additionally, there is a provision in the bargaining agreement that the arbitrator "shall have no power to award back pay except in a case of a grievance involving a disciplinary discharge or a disciplinary layoff," neither of which contingencies is present in this case.

We are of the opinion that the District Court should have remanded the issue of back pay to the arbitrator for resolution. International Association of Machinists A.F.L.-C.I.O. v. Crown Cork and Seal Co., 300 F.2d 127 (C.A.3). We accordingly order that the case be sent back to the arbitrator for an explicit determination as to whether or not there was an award of back pay, and, if so, the determination of the amount to be awarded. The District Court held that there was such an award and remanded the case for determination of the amount due. The judgment of the District Court will be vacated, in order that the arbitrator may make a decision clarifying the meaning and scope of his original award.

This disposal of the case makes it unnecessary to reach the question of the arbitrator's authority to award back pay. Whether back pay can be awarded in this situation requires interpretation of the contract, and this initially is a task for the arbitrator. Lodge No. 12, Dist. No. 37, Internat'l. Assoc. of Machinists v. Cameron Iron Works, Inc., 292 F.2d 112, 117 (C.A.5). See United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed. 2d 1403; United Steelworkers of America v. Warrior & Gulf Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424.

Appellant raises a further question as to whether it is possible under the facts of this case to compute back pay, assuming that back pay in fact was awarded. Reliance is placed upon an affidavit in the record by its Manager of Industrial Engineering which expresses the following opinion:

"In my opinion, the wages of employees who operated machines No. 9773, 9774 and 8453, from February 11, 1959 to May 21, 1960 (when they were all taken out of use) cannot be computed by any combination of the rates in effect prior to February 11, 1959, and those in effect following that date, because the factors which enter into the development of the rates and into the calculation of an employee's wages under those rates must be applied in an entirely different manner, depending on which set of rates is to be used. Any effort to apply both rates to the same hours of work by an employee would result in a duplication of some of these factors which cannot, in my opinion, be eliminated by any mathematical calculations."

This also is a question to be determined by the arbitrator in event an award of back pay was intended to be made.

Our action, of course, should not be viewed as an expression of opinion on any of the merits of the case. International Assoc. of Machinists A.F.L.-C.I.O. v. Crown Cork and Seal Co., 300 F.2d 127 (C.A.3).

The judgment of the District Court is vacated and the case remanded with directions to submit it to the arbitrator for a determination as to whether or not an award of back pay has been made, and, if so, for a computation of the amount of back pay due thereunder.