**LOCAL 416, SHEETMETAL WORKERS INTERNATIONAL ASSOCIATION (AFL–CIO), Plaintiff,**

v.

**HELGESTEEL CORPORATION, Defendant and Third-Party Plaintiff,**

v.

**IRON WORKERS LOCAL 498 OF the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL WORKERS, Third-Party Defendant.**

No. 69–C–15.

United States District Court,
W. D. Wisconsin.
Dec. 6, 1971.

David Loeffler, Milwaukee, Wis., for plaintiff.

Charles D. Hoornstra, Madison, Wis., for Helgesteel Corp.

Daniel Shulman, Chicago, Ill., for Iron Workers Local 498.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a civil action for the enforcement of an arbitration award. Defendant Helgesteel Corporation has moved for summary judgment upon the following grounds: that plaintiff has failed to join as defendant Iron Workers Local 498, a necessary party to this action; that the arbitration proceeding which forms the basis for this action was legally defective because the composition of the arbitration tribunal deviated from the terms prescribed in the collective agreement; and that the arbitration tribunal erred in awarding punitive damages to the plaintiff.

In Local 416, Sheet Metal Workers, etc. v. ABC Contractors, Inc., (W.D. Wis.1970) 335 F.Supp. 646, this court

was confronted with facts nearly identical to the ones at bar: the labor union that is the plaintiff in this action was suing a different contractor to enforce an arbitration award similar to the one at issue here. In *ABC*, the contractor moved, pursuant to Rule 19(a), Fed.R.Civ.P., to join Ironworkers Local 498 as an additional party defendant. The contractor contended, as Helgesteel does here, that a tripartite arbitration (including the contractor, the Steelworkers, and the Ironworkers) was required. It was argued that the arbitration proceeding, since it had failed to include Local 498, had been unfair; and that therefore Local 498 should be made a party to the enforcement action in order to raise there its substantive claims about the jurisdictional dispute that was before the arbitration board. For the reasons stated in a memorandum opinion accompanying the order in *ABC*, I denied the contractor's motion for joinder.

Defendant concedes that the facts of the instant action do not differ significantly from those that were before this court in the *ABC* case. Moreover, it admits that the rationale of that case, if applied here, would result in a decision contrary to defendant's position on joinder. Defendant urges, nevertheless, that *ABC* not be followed for two reasons: first, it is claimed that the *ABC* decision improperly interpreted the then-applicable case law; and second, it is submitted that the recent decision in Boilermakers v. Combustion Engineering, Inc., 78 LRRM 2512 (D.Conn.1971) suggests that *ABC* was wrongly decided.

Helgesteel also claims that the arbitration proceeding was procedurally defective in that the composition of the arbitration tribunal was in violation of the collective agreement. It contends that Section 2 of Article X of the Labor Agreement and paragraph 1 of the Local Joint Adjustment Board by-laws, considered together, provide that the arbitration tribunal shall consist of three union representatives and three employer representatives. Since it is undisputed that the tribunal consisted in fact of three union representatives and only two employer representatives, defendant argues that a serious departure from the terms of the collective agreement has occurred and that the award of the arbitration board should thus be unenforceable.

Defendant further contends that the arbitration tribunal, by awarding Local 416 $10,000 in "punitive damages", violated "clear law" that punitive damages may not be awarded in a proceeding, such as this, that is brought pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. It argues that the doctrine of Williams v. Pacific Maritime Association, 421 F.2d 1287 (9th Cir. 1970), and cases cited therein, prevents this court from enforcing that portion of the tribunal's award that granted punitive damages to the union.

■ Defendant's contention that joinder of Local 498 is required is without merit. I am not persuaded that Local 416, Sheet Metal Workers, etc. v. ABC Contractors, Inc., *supra*, was wrongly decided and am not convinced that any subsequent decisions require a departure from the *ABC* rationale.

The theory behind defendant's argument for dismissal for failure to join is as follows: in Boilermakers v. Combustion Engineering, Inc., *supra*, the possibility of "industrial conflict" prompted the district court to order a stay of an action to enforce an arbitration award; the possibility of "industrial conflict" is also present here since, if Local 498 is not joined, some industrial strife is likely to ensue between Local 498, Local 416, and Helgesteel; in the *ABC* decision, this court did not consider this "industrial peace" argument but if it had, it would have permitted joinder of Local 498 as a defendant; thus dismissal of this action for failure to join Local 498 is required here.

Defendant acknowledges that the *Boilermakers* case contained significant factual differences from the case at bar. In *Boilermakers*, for example, the National Labor Relations Board had moved

to intervene in the district court proceedings, had instituted an unfair labor practice claim against one of the parties to the court proceedings, and had moved to stay the court action to enforce the arbitration award pending the Board's administrative resolution of the unfair labor practice charge. No joinder contention was present in *Boilermakers*; the sole question was whether the possibility of inconsistent decisions between the court and the Board merited a stay in the court proceeding. A dismissal of the court action was not sought by the Board; it requested solely a stay of the court action pending its administrative determination.

Conceding all of those distinctions, defendant argues that *Boilermakers* is nevertheless applicable here. It is claimed that the factor of promoting industrial peace, considered apart from the other issues, prompted the court in *Boilermakers* to stay the proceedings before it. Industrial peace is also at stake here, it is argued, and concern for it should warrant a dismissal of this action.

The *Boilermakers* case, however, is not apposite to the situation at bar. In *Boilermakers*, the court noted that if it denied the motion for a stay and decided the case, and if its decision conflicted with the eventual Board decision, the doctrine of Board "preemption" would require a second trial in the district court. This potential conflict between court and Board was the "industrial conflict" that provided the basis for the court's determination to stay the enforcement action. 78 LRRM at 2513. In the instant case, the NLRB has instituted no unfair labor practice complaint against any of the parties; no Board proceeding is contemplated; and the Board has filed no motion to intervene in this action. Hence, there can be no potential conflict on this matter between this court and the Labor Board. Thus, even if we put aside the other significant distinctions between this case and *Boilermakers* noted above, and focus solely on the industrial peace analogy proffered by defendant as a basis for dismissing this action, we are forced to conclude that defendant's argument is without merit.

■■ Defendant's second contention is also unconvincing. It is true that, whereas the collective agreement provided for three union and three employer members, the tribunal was composed in fact of three union and only two employer members. The fact that the board was numerically unbalanced did not, however, result in any substantive voting disparity between the two groups of representatives: for while the union members cast one vote apiece, the employer members were granted one and one-half votes each. Therefore, although the composition of the tribunal constituted a technical violation of the collective agreement, the actual voting strengths of the two groups of members reflected the purpose of that agreement and did not serve so to distort it as to require a dismissal of this action to enforce that proceeding. See John Wiley & Sons v. Livingston, 376 U.S. 543, 556–559, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); Yellow Cab Company v. Democratic Union Organizing Committee, 398 F.2d 735, 737–738 (7th Cir. 1968), and Local 1401, RCIA, AFL–CIO v. Woodman's Food Market, 371 F.2d 199, 201 (7th Cir. 1966).

■■ Defendant's contention that it was error for the arbitration tribunal to award punitive damages is also unpersuasive on the present state of the record. An award by an arbitrator of punitive damages in a Section 301 case is not, as defendant claims, illegal *per se*. The NLRB and the federal district courts are proscribed from assessing punitive damages against a union or its members and officials for actions done in the course of union activity. Vaca v. Sipes, 386 U.S. 171, 195, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Williams v. Pacific Maritime Association, *supra*. But it has not been determined that the specific proscription of awards against unions applies as well to awards against employers. Nor has it been determined that arbitrators, as distinct from the NLRB and the federal district courts,

are barred from granting a punitive award.

■■ The general rule with respect to the award of an arbitrator or arbitration board is that so long as the award draws its essence from the collective agreement, it is immune from attack. Yellow Cab Company v. Democratic Union Organizing Committee, *supra*; see also United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Since the labor agreement at issue contains no specific provisions on the subject of remedies, the arbitrator was free to exercise its discretion. Thus, the question here is not whether the award was "punitive" but rather whether it was reasonable in light of the findings of the arbitration board. At this stage of this action, however, the parties dispute the precise import of those findings. Therefore, summary judgment is an inappropriate mechanism for determining at this time the reasonableness of the damage award and the question of the propriety of that award must await the resolution of the controversy over the findings of the arbitration tribunal.

Accordingly, for the reasons stated above, defendant's motion for summary judgment is hereby denied.