PRINTING PRESSMAN'S UNION NO. 135, INTERNATIONAL PRINTING PRESSMEN AND ASSISTANT'S UNION OF NORTH AMERICA, AFL-CIO, Plaintiff-Appellee,

v.

CELLO-FOIL PRODUCTS, INC., Defendant-Appellant.

No. 71-1893.

United States Court of Appeals, Sixth Circuit.

May 3, 1972.

Robert A. Huston, Kalamazoo, Mich., Huston & Jacobs, Kalamazoo, Mich., on brief, for defendant-appellant.

Jerry S. McCroskey, Muskegon, Mich., Marcus, McCroskey, Libner, Reamon & Williams, Muskegon, Mich., on brief, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Appellant appeals from an adverse decision in the United States District Court for the Western District of Michigan, Southern Division, requiring arbitration

proceedings pertaining to two arbitration awards, the effect of which in relation to the discharge of an employee the District Judge found to be ambiguous.

We affirm for the reasons set forth in Judge Fox's order published herewith as an appendix. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L. Ed.2d 1424 (1960); United Steelworkers of America v. Timken Roller Bearing Co., 324 F.2d 738 (6th Cir. 1963).

## APPENDIX

Plaintiff union seeks a court order enforcing two arbitration agreements, relative to the employment status of Lorraine Carpentier, a former employee of defendant Cello-Foil. 29 U.S.C. § 185(a). This is a motion for summary judgment under Rule 56. The parties have agreed that there are no material facts in dispute.

On January 19, 1970, the parties entered into a Collective Bargaining Agreement which has continued in effect throughout these proceedings. Appendix C, Section 2, of this Agreement provides:

"Section 2: For the commission of any of the following offenses an employee shall receive a written warning notice. If an employee receives three (3) written warning notices (for the same or different offenses) within a period of twelve (12) consecutive months, he shall, along with the third warning notice, receive a disciplinary layoff of five (5) consecutive regularly scheduled working days. If an employee receives four (4) written warning notices (for the same or different offenses) within a period of twelve (12) consecutive months, such employee shall thereupon be discharged.

(a) Late to work three (3) times within a thirty (30) day period without an excuse acceptable to the management. (Employees shall be docked for actual time late).

\*    \*    \*    \*    \*    \*

(h) Failure to report for work without giving management advance notice unless it was impossible to give such advance notice."

Pursuant to the provisions of Appendix C, Section 2, Lorraine Carpentier received a first warning notice on October 16, 1969 for tardiness and absence; a second warning notice on April 10, 1970, for tardiness; and a third warning notice on July 13, 1970 for tardiness. As a result of this third warning she received a five day disciplinary layoff. This disciplinary action was made the subject of a grievance, Grievance No. 6, filed with the defendant on July 17, 1970.[1] This grievance was duly processed through the grievance procedure to the fifth step without an agreement being reached. In the meantime, the five day penalty was served and the employee returned to work.

On August 4, 1970, Lorraine Carpentier was absent from work without advance notice and was discharged pursuant to the provisions of Appendix C, Section 2(h). As a result, Grievance No. 8 was timely filed by the employee through the plaintiff, asserting that it was "impossible for me to give adequate notice." This grievance was also processed through the grievance procedure to the fifth step without a resolution of the dispute being reached.

The plaintiff properly submitted both grievances to the American Arbitration Association. An arbitration hearing was held on January 8, 1971 before Arbitrator Harry N. Casselman concerning the propriety of the third warning notice and the five day disciplinary layoff to employee Carpentier. The case was taken under advisement pending the filing of a brief by the company. On March 10, 1971 Arbitrator Casselman decided Grievance No. 6:

## AWARD

The five day disciplinary suspension assessed against Lorraine Carpentier from July 20, through July 24, 1970,

---

1. Article III of the Collective Bargaining Agreement provides a five-step grievance procedure, ending with binding arbitration.

was not for just cause. The Company will expunge such disciplinary penalty from her record and make her whole for the wages she would have earned during this five day period.

During the two month period between the hearing and decision on Grievance No. 6, a hearing was held before Arbitrator Erwin Ellmann concerning the propriety of the fourth disciplinary notice and the related discharge. This hearing was held on February 10, 1971. This case was also taken under advisement, pending the filing of briefs by the parties.

On March 9, 1971, Arbitrator Ellmann issued his opinion. It states, in part:

"I am not persuaded, particularly after observing her testimony, that the Company acted without foundation in refusing to withdraw the last warning notice to her because of her absence on August 4th. Under the terms of the Agreement, termination was accordingly justified.

### AWARD

The grievance is denied."

Following these two decisions, the parties held several meetings in an attempt to agree upon appropriate compliance with the Awards of the Arbitrators, but were unable to reach agreement. Finally, on April 28, 1970, plaintiff requested the American Arbitration Association to reconvene the proceedings under either arbitrator to obtain clarification of the Awards. When defendant objected to any further proceedings, the American Arbitration Association declined to reopen either hearing.

Plaintiff then started this suit seeking enforcement of the arbitration awards. It is plaintiff's position that since the arbitrators have determined that Lorraine Carpentier received only three proper disciplinary notices within a twelve month period, that the contract only permits the employer to give this employee a five day disciplinary layoff, which she has already served. Accordingly, she should be reinstated with back pay.

Defendant, while agreeing that Arbitrator Casselman's decision requires that the third disciplinary notice be stricken from the employee's record and that the employee be reimbursed by the company for the five days of lost wages, nevertheless contends that in light of Arbitrator Ellmann's opinion which states that the "termination was . . . justified," that defendant need not re-employ Lorraine Carpentier.

■ The parties agree that this court has authority to enforce these arbitration awards. There also can be no question that this court has the authority to compel the parties to submit a dispute to arbitration when the parties by contract have agreed to do so, United Steel Workers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960), or when an arbitration award, itself, contains a patent ambiguity or uncertainty making enforcement of the award impossible. United Steelworkers of America v. Enterprise Wheel and Car Co., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); Intern. Ass'n of Machinists v. Crown Cork and Seal Co., 300 F.2d 127 (3rd Cir. 1962); Hanford Atomic Metal Trades Council v. General Electric, 353 F.2d 302 (9th Cir. 1965); Transport Workers Union, etc. v. Philadelphia Transportation Co., 228 F.Supp. 423 (E.D.Pa.1964); Kennedy v. Continental Transportation Co., 230 F.Supp. 760 (W.D.Pa.1964); Local Union No. 494, I. B. E. W. v. Brewery Proprietors, 289 F.Supp. 865 (E.D.Wis.1968).

■ It is clear from the above recitation of facts that the awards of the arbitrators, Ellmann and Casselman, may well have finally resolved Lorraine Carpentier's employment status. This construction is almost compelled by the fact that this court cannot assume that the parties intended submission of either dispute to arbitration to be a meaningless gesture. As the plaintiff contends, it is clear that the arbitrators have determined that one of the two contested disciplinary notices was proper, but that the other—the July 13, 1970 notice—was im-

proper. Also, the collective bargaining contract, itself, clearly provides that after only three proper disciplinary notices, an employee may only be given a five day disciplinary layoff.

On the other hand, the scope and effect of Arbitrator Ellmann's decision is somewhat unclear, for while his opinion does state that the employee's discharge was proper, his actual award only states that the grievance was denied and does not state what her employment status should be. 'Finally, Arbitrator Ellmann's opinion indicates, and the parties agree, that his award does not take into consideration the possibility that one of the first three disciplinary notices may have been improper. Accordingly, and in an abundance of caution the court shall require the parties to submit their dispute to the American Arbitration Association for interpretation and resolution.

Therefore, a mandatory injunction shall issue compelling the parties to submit their dispute to Arbitrators Harry N. Casselman and Erwin Ellmann. This court shall retain jurisdiction of this case pending final resolution through arbitration.

It is so ordered.

Dated: June 30, 1971.