IT IS HEREBY ORDERED that the decision of the bankruptcy court in this matter be and is affirmed.

**WATAUGA RAYON WORKERS UNION, LOCAL 2207, etc., Plaintiff,**

**v.**

**BEAUNIT FIBERS, etc., Defendant.**

**No. CIV-2-74-90.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 1, 1975.

Supplemental Opinion and Order
Jan. 9, 1976.

Shelburne Ferguson, Jr., Kingsport, Tenn., for plaintiff.

John E. McFall, New Orleans, La. and Dan M. Laws, Elizabethton, Tenn., for defendant.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff Watauga Rayon Workers Union, Local No. 2207 (union) seeks herein monetary damages from, and the enforcement of an allegedly binding arbitration award against, the defendant Beaunit Fibers (employer). 29 U.S.C. § 185; *Textile Workers Union v. Lincoln Mills* (1957), 353 U.S. 448, 452–455, 77 S.Ct. 912, 1 L.Ed.2d 972, 978–979 (headnotes 2, 3). The employer moved for a stay hereof pending submission of the dispute of the parties to arbitration. 9 U.S.C. § 3.

The employer made changes in its manufacturing processes in 1972. The union objected to the purportedly unfavorable effect these changes would have on the workloads of some classifications of the employees of the defendant. The union instituted grievance procedures concerning these changes under the provisions of the collective bargaining agreement of the parties. These procedures culminated in a final award of an arbitrator which was rendered on May 10, 1973.

Nearly one year afterward, according to the contention of the union, the employer made changes unilaterally in the workloads of the respective classifications of workers, and the union commenced this action on the premise that such 1974 changes directed violated the award of the arbitrator. The employer contends, on the other hand, that any modifications in its operations in 1974 were outside the scope of such award, that the current controversy of the parties is subject to the grievance procedures in the parties' agreement, and that the union must pursue those procedures prior to any judicial consideration thereof. See *Order of Railway Conductors, Etc. v. Clinchfield R. Co.,* C.A. 6th (1969), 407 F.2d 985, 988[1], reversing D.C.Tenn. (1967), 278 F.Supp. 322, certiorari denied (1969), 396 U.S. 841, 90 S.Ct. 104, 24 L.Ed.2d 92.

Thus, it may be readily discerned that the real dispute of the parties herein is whether any changes the employer made in its job classifications in 1974 were within the contemplation of the arbitrator's award in 1973. Once this is determined, the Court may proceed to determine whether an order of enforcement thereof is appropriate. Facially, the award provides this Court with no clear answer to that question. Some of the job classifications therein are denominated as "recommendations" or "guidelines", and the award sets no limitations of time.

The dispute herein centering upon the meaning, scope and extent of coverage of the arbitration award of 1972, the proper course for this Court now is to remand the

question raised to the arbitrator for clarification. *United Steelworkers v. Timken Roller Bearing Company,* C.A. 6th (1963), 324 F.2d 738, 740–741; *Printing Pressmen's U. No. 135 v. Cello-Foil Products, Inc.,* C.A. 6th (1972), 459 F.2d 754, 756[1]. Accordingly, this action hereby is

REMANDED to the arbitrator Mr. William J. Mattern for his explicit clarification as to whether his award of May 10, 1973 covered any or all of the modifications the employer made in its job classifications in 1974. *Smith v. Union Carbide Corp.,* C.A. 6th (1965), 350 F.2d 258, 261[5]. Jurisdiction hereby is RETAINED in this Court pending such clarification by such arbitrator, *Printing Pressmen's U. No. 135 v. Cello-Foil Products, Inc., supra,* 459 F.2d at 757; *Hanford Atomic Metal Trade Council v. General Electric Co.,* C.A. 9th (1966), 353 F.2d 302, 305, and all other matters herein hereby are RESERVED.

### SUPPLEMENTAL OPINION AND ORDER

This action was remanded to the pertinent arbitrator * for clarification as to the scope of the coverage of a certain award such arbitrator had made on May 10, 1973. Memorandum opinion and order herein of December 1, 1975. It is undisputed herein that such arbitrator is deceased, rendering implementation of the Court's order impossible.

■ This Court " * * * should not rule on the matter of compliance of the defendant [with the arbitration award] inasmuch as it is well established that arbitration of labor disputes is preferred over court disposition of such disputes. * * " *Detroit & Midwest. St. J. B., Etc. v. White Tower L. & C.,* D.C.Mich. (1973), 353 F.Supp. 168, 169. Where an arbitrator declined to clarify his award as to job classifications on the claim that he had lost jurisdiction, it was held that the question whether an employer had violated the terms of the award was itself to be determined by arbitration. *Aircraft Lodge 703, Etc. v. Curtiss-Wright Corp.,* D.C.N.J. (1959), 169 F.Supp. 837, 842[4].

■ There is a strong presumption of the arbitrability of labor disputes, and such should be resolved by this method " * * * unless it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage. * * * " *United Steelworkers v. Warrior & G. Nav. Co.* (1960), 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409, 1417–1418 (headnote 19). " * * * In the absence of any express provision excluding a particular grievance from arbitration, * * * only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail. * * * " *Ibid.,* 363 U.S. at 584–585, 80 S.Ct. at 1354, 4 L.Ed.2d at 1419 (headnote 28).

■ It is patent from the bargaining contract of the parties that they have agreed to resolve virtually all their labor-management disputes by arbitration. Such agreement established a detailed procedure for the arbitration of conflicts regarding changes by management in its operations " * * * that will substantially affect the workload of any group of employees * * * ". This is precisely the context of the current disagreement between these parties.

From all which the Court is of the opinion, in the light of all the circumstances, that the proper course to take now herein is the submission of the issue, whether any changes the employer made in its job classifications in 1974 were proper under the agreement of the parties, to arbitration. Accordingly, this Court's order of December 1, 1975 hereby is VACATED. The parties hereby are ORDERED to submit forthwith

---

* The collective bargaining agreement of these parties provided that the arbiter would be a firm of qualified industrial engineers. They agreed upon Maynard Research Council, Inc. as the arbitrator herein, but the arbitration was conducted and decided by such firm's deceased employee, Mr. William J. Mattern. The Court does not conclude that remand to Maynard Research Council, Inc. for such clarification would be feasible herein.

such issue to arbitration in the manner provided by their current bargaining agreement, article XII, § (c).