In the Matter of the Arbitration between Ferdinand J. CARILLO, Joseph F. Carillo, Jr. and Vincent C. Carillo, as partners, doing business as Carillon House Nursing Home and Health Related Facility, Petitioners,

and

**LOCAL 1115, JOINT BOARD NURSING HOME AND HOSPITAL EMPLOYEES DIVISION, Respondent.**

No. 77 Civ. 611 (CHT).

United States District Court, S. D. New York.

Nov. 1, 1977.

---

Solomon, Rosenbaum, Goodman, Reier & Ross, New York City, for petitioners; Irving Reier, Michael F. McGahan, New York City, of counsel.

Charles R. Katz, New York City, for respondent; Richard M. Greenspan, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

This is a labor dispute between petitioners, Ferdinand J. Carillo, Joseph F. Carillo, Jr. and Vincent C. Carillo, partners doing business as Carillon House Nursing Home and Health Related Facility ("Carillon") and Local 1115 Joint Board, Nursing Home and Hospital Employees Division ("the Union"). Carillon and the respondent Union are parties to a contract, the admitted breach of which by petitioner has given this Court jurisdiction under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. There are three motions addressed to the Court. All relate to arbitrability.

The facts are these: by an agreement between Carillon and the Union entered into in April 1975, certain wage and benefit increases were scheduled over a four-year period beginning January 1, 1975. In 1976, Carillon repudiated the bargain and refused to pay any additional increments. Although the breach was within the scope of arbitration as agreed to by the parties in their contract, the Union chose in the first instance to file an unfair labor practices charge with the National Labor Relations Board on December 30, 1975. Brief for Petitioners 6. Hearings were held by the Board, and on January 28, 1977 a cease and desist order was issued against Carillon, which was ordered to abide by the collective bargaining agreement and to reimburse employees for lost wages and benefits. Pursu-

ant to 29 U.S.C. § 160(e), the NLRB order has since been enforced by a consent judgment of the United States Court of Appeals for the Second Circuit. No. 77–4085 (filed Sept. 12, 1977).

On November 30, 1976, before Carillon was under final order of the NLRB as enforced by the court of appeals, respondent served a demand for arbitration of the same dispute. Petitioner moved to stay arbitration in the Supreme Court of the State of New York, County of New York, whereupon respondent removed the proceeding to this Court and cross-moved to compel arbitration. Carillon countered by moving to remand to the state. For the reasons stated below, the Court finds that this matter can be heard in this forum, and that arbitration has not been foreclosed by the now concluded NLRB proceedings. Therefore, the motions to remand to the state court and to stay arbitration are denied; the motion to compel arbitration is granted.

Petitioner first argues that all relief which could be granted in this dispute is embraced in the NLRB order as enforced and that arbitration would be a wastefully duplicative process. A second, subsidiary, contention is that the action belongs in state court. On the latter point, petitioner cites a clause of the contract between the parties which states:

"[I]t is expressly agreed neither the Employer nor the Union or any employee will seek removal from the Courts of the State of New York to the Federal Courts of any proceeding to enforce an award and/or to compel submission to arbitration and they expressly waive their right to seek such removal."

Brief for Petitioner 5–6. Respondents counters that it has removed a petition to *stay* arbitration—not to compel it—and are thus within the letter of the arbitration clause. Respondent's Reply Mem. 16.

In this Court's opinion the jurisdictional squabble is meaningless. What controls here is that by their agreement the parties must arbitrate "[a]ll complaints, disputes or grievances whatsoever of whatever

kind or nature arising between [the parties] *concerning any provision of the Contract.*" De Laurentis Deposition, April 7, 1977, ¶ V (emphasis added). Clearly under such broad language, the question of the possible breach occasioned by the removal to this Court is one for the arbitrator. It is not for this Court to interpret the contract of the parties but merely to determine whether they are involved in an arbitrable controversy. *United States Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *Monroe Sander Corp. v. Livingston*, 377 F.2d 6 (2d Cir. 1967); *Publishers Ass'n v. New York Mailer's Union Number Six*, 317 F.2d 624 (2d Cir. 1963). Furthermore, remand to the state courts would be just as wasteful and duplicative as petitioner claims arbitration would be, in view of the fact that federal law controls. *Teamsters Local v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962).

As to the petitioner's primary contention, *i.e.*, that arbitration can do nothing more than echo the relief already afforded as a result of the NLRB proceeding, this Court does not agree. Although the Union does not spell out in detail what further relief it will ask of the arbitrator, the law is clear that an arbitrator has the widest possible latitude in fashioning remedies and that those remedies may include compensation made directly to the Union. *Local 369, Bakery & Confectionery Workers v. Cotton Baking Co.*, 514 F.2d 1235 (5th Cir. 1975); *Luckenbach Overseas Corp. v. Curran*, 398 F.2d 403 (2d Cir. 1968); *Schlesinger v. Building Serv. Employees, Local 252*, 367 F.Supp. 760 (E.D.Pa.1973); *Local 416, Sheetmetal Workers v. Helgesteel Corp.*, 335 F.Supp. 812 (W.D.Wis.1971).

In its attempt to avoid arbitration, Carillon has set forth some of what transpired at the NLRB hearing, including the rationale for that agency accepting jurisdiction in this dispute. Normally the policy of the NLRB is to defer to arbitration where conduct may be construed both as an unfair

**622**

labor practice and as a matter falling within the terms of an arbitration clause. *See William E. Arnold Co. v. Carpenters Dist. Council,* 417 U.S. 12, 16, 94 S.Ct. 2069, 40 L.Ed.2d 620 (1974), and cases cited therein. This practice is not immutable, however. For example, in *Oak Cliff-Golman Baking Co.,* 207 N.L.R.B. 1063 (1973), the NLRB rejected an attempt by an employer to reach arbitration first where the act complained of by the union was the unilateral reduction of employees' wages.

█ In the instant case Carillon reports that the Union argued against NLRB deferral to arbitration on the *Oak Cliff-Golman* theory and that the NLRB agreed that Carillon's breach was also so egregious as to transcend ordinary deferral policy and warrant immediate treatment as an unfair labor practice. Brief for Petitioners 16–20. From this version of what occurred at the NLRB, Carillon would have the Court conclude that the Union "recognized that there was nothing to submit to an arbitrator." *Id.* at 18. While Carillon is free to draw that inference, this Court need not. Whatever the reason the NLRB chose to examine the instant dispute without deference to arbitration, it is settled doctrine that NLRB and arbitration jurisdiction are concurrent and that the invocation of the one does not preclude the other. *Carey v. Westinghouse Elec. Corp.,* 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964); *Smith v. Evening News Ass'n,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962); *United Aircraft Corp. v. Canel Lodge 700, IAM,* 436 F.2d 1 (2d Cir. 1970).

█ The only real issue before this Court is whether there is some further relief to be afforded the Union itself beyond that granted to its affected members by the NLRB. This is for the arbitrator to decide, and "if the decision of the arbitrator conflicts with [NLRB] policies or decisions, it is subject to later review and correction in the courts." *Luckenbach Overseas Corp. v. Curran, supra,* 398 F.2d at 406.

For the reasons stated, Carillon's motions to remand to the Supreme Court of the State of New York, County of New York or, alternatively, to stay arbitration, are denied. The Union's motion to compel arbitration is granted.

So ordered.