**SVERDRUP/ARO, INC., Plaintiff and defendant-by-counterclaim,**

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS, etc., Defendant and plaintiff-by-counterclaim.**

No. CIV–4–79–23.

United States District Court, E. D. Tennessee, Winchester Division.

April 18, 1980.

Thomas M. Hull, Haynes, Hull & Smoot, Tullahoma, Tenn., and William N. Ozier, Bass, Berry & Sims, Nashville, Tenn., for plaintiff.

Cecil D. Branstetter, Nashville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action by an employer to vacate an arbitration award rendered against it pursuant to a collective bargaining agreement between it and the defendant machinists' union.[1] 29 U.S.C. § 185(a); 9 U.S.C. § 10(d). The union seeks by counterclaim an order enforcing such award.

Both parties moved for a summary judgment, and a magistrate recommended: (1) that the motion of the employer be granted as to that portion of the award involving overtime-pay; (2) that, otherwise, the cross-motion of the union be granted ((3) with the

exception of the claims for attorneys' fees). 28 U.S.C. § 636(b)(1)(B). The union objected timely to the recommendation that the arbitrator's[2] overtime-pay be vacated, and the undersigned judge considered *de novo* that portion of the magistrate's recommendation.[3] *Idem.*

There are no genuine issues of material fact extant between the parties herein. *See* Rule 56(c), Federal Rules of Civil Procedure. The controversy between them stems from the employer's utilization of members of a boilermakers' union to assist members of the machinists' union in performing certain welding work. The union claimed that this assignment of work to the boilermakers was improper under article XIV of the pertinent collective bargaining agreement and a 1962 memorandum of agreement between the parties.[4]

That dispute was submitted to binding arbitration under the terms of the collective bargaining agreement, and the arbitrator agreed with the union. The resulting arbitration award was three-fold: (1) the company was to cease its violations of the contract; (2) it was to reassign the welding work solely to the machinists in accordance with the 1962 memorandum; and (3) it was to pay overtime-wages to the machinists-welders on the overtime list for the hours expended on the project by the boilermakers.

1. The plaintiff and defendant-by-counterclaim Sverdrup/ARO, Inc. will be referred to herein as "the employer" or "the company". The defendant and plaintiff-by-counterclaim International Association of Machinists and Aerospace Workers, AFL–CIO, Queen City Lodge 1501 will be referred to herein as "the union".

2. The arbitration award was rendered by a three-person arbitration committee in a 2-to-1 decision. For the purpose of simplicity, the Court will refer hereinafter to that decision as that of "the arbitrator".

3. No objection was made to the recommendations of the magistrate that, other than as to overtime-pay, the award be enforced and that the union be denied its claim for a reasonable attorneys' fee herein.

4. The arbitrator found that the 1962 memorandum had been proposed by the company and

accepted by the unions and that it amounted to a binding contract between the parties. Undoubtedly, agreements such as this constitute judicially enforceable contracts between an employer and a labor organization within the meaning of 29 U.S.C. § 185(a). *See Retail Clerks v. Lion Dry Goods* (1962), 369 U.S. 17, 82 S.Ct. 541, 7 L.Ed.2d 503; *Deaton Truck Line, Inc. v. Local Union 612, Etc.,* C.A. 5th (1962), 314 F.2d 418, 422[1]; *Local Union No. 115, Etc. v. Townsend & Bottum, Inc.,* D.C.Pa. (1974), 383 F.Supp. 1339, 1343[2, 3].

The arbitrator found further that this work-assignment controversy was a proper matter for arbitration under the pertinent collective bargaining agreement, and the magistrate agreed. The company has not objected to that portion of the magistrate's report and recommendation.

The role of this Court in the dispute between the parties herein is limited severely. That role was summarized recently by the Court of Appeals for our circuit in the following language:

\* \* \* \* \* \*

It is very well settled that the courts are generally required to refrain from reviewing the merits of the arbitrator's award due to the policy favoring arbitration as a means of resolving labor disputes. This was established in the *Steelworkers Trilogy* and has been applied numerous times by this court. But there are at least two important exceptions to this general rule. First, "the arbitrator is confined to the interpretation and application of the collective bargaining agreement, and although he may construe ambiguous contact language, he is without authority to disregard or modify plain and unambiguous provisions." Thus, the courts are empowered to set aside an award if the arbitrator exceeds these confines. Second, "although a court is precluded from overturning an award for errors in the determination of factual issues," '[n]evertheless, if an examination of the record before the arbitrator reveals no support whatever for his determinations, his award must be vacated.' " \* \* [Footnote references and citations omitted].

*Storer Broadcasting v. American Federation of Tel.*, C.A. 6th (1979), 600 F.2d 45, 47[1, 2]. Applying these and other controlling criteria, this Court is not convinced that the plaintiff is entitled to have an arbitrator's award of overtime-pay vacated.

In concluding that the arbitrator awarded overtime-pay improperly, the magistrate looked to article XIV, § 2, of the pertinent collective bargaining agreement relating to judicial disputes.[5] Therein, it was provided that, if an appropriate body rendered a decision or award conflicting with the company's assignment of work, the company would alter its assignment to conform to the award as soon as possible and at least within 15 working days.

The magistrate felt that, because such a remedy was provided for in the parties' collective bargaining agreement, the arbitrator was limited to applying this single remedy once a violation of the contract had been found, and that he was thereby precluded from making an award of overtime-pay. Since the arbitrator had awarded overtime-pay, the magistrate reasoned that he had exceeded his authority under the bargaining agreement and, thus, was guilty of administering his own brand of industrial justice instead of merely construing and applying the provisions of the bargaining agreement. The undersigned disagrees.

 Federal labor-policy strongly favors arbitration as the means of resolving labor disputes. *Detroit Coil v. Ass'n of M. & A. Workers, Etc.* C.A. 6th (1979), 594 F.2d 575, 579[1]. Where arbitration is available, the arbitrator has the power to fashion a remedy. *Russ v. Southern Railway Company,* C.A. 6th (1964), 334 F.2d 224, 229[11], certiorari denied (1965), 379 U.S. 991, 85 S.Ct. 699, 13 L.Ed.2d 611, rehearing denied (1965), 380 U.S. 938, 85 S.Ct. 935, 13 L.Ed.2d 826. Where, as here, arbitration is the method agreed-upon by the parties to resolve their differences, courts are required to grant " \* \* \* wide latitude to the arbitrator to fashion appropriate remedies in the absence of clearly restrictive language [in the bargaining agreement] \* \* \*." *Bakery & Conf. Wkrs. I. U., Etc. v. Bridgford Foods Corp.*, D.C.Tex. (1976), 423 F.Supp. 124, 125; *accord: Sweeney v. Morganroth*, D.C.N.Y. (1978), 451 F.Supp. 367, 370; *Carillo v. Local 1115, Joint Bd. Nursing Home, Etc.*, D.C.N.Y. (1977), 441 F.Supp. 619, 621[3].

 Once a contractual violation has been found, the arbitrator " \* \* \* must fashion a remedial order to bring the parties' actions in conformity with the contract

5. The union argues that article XIV, § 2, has no application to the present controversy since this is really not a jurisdictional dispute between two unions. The Court will assume, without deciding, that this provision is applicable.

and make reparation for past infringements. * * * " *Local 369, Bakery & C. Wkrs. I. U. v. Cotton Bak. Co., Inc.*, C.A. 5th (1975), 514 F.2d 1235, 1237[2], rehearing denied (1975), 520 F.2d 943, certiorari denied (1976), 423 U.S. 1055, 96 S.Ct. 786, 46 L.Ed.2d 644; 48A Am.Jur. (2d) 380, Labor and Labor Relations § 1988. That remedy may include the payment of compensation. *Carillo v. Local 1115, Joint Bd. Nursing, Etc., supra; see United Steelworkers v. Timken Roller Bearing Company*, C.A. 6th (1963), 324 F.2d 738, 742[4] (whether backpay can be awarded in a particular situation is initially a task for the arbitrator).

■ If the national policy favoring the settlement of labor disputes by arbitration is to have any real substance, courts must accord a great deal of latitude to arbitrators in their efforts to rectify violations of agreements entered into between employers and labor organizations. This is so because:

> * * * A collective bargaining agreement may not specify the relief required for every conceivable contractual violation, so the arbitrator must often rely on his own experience and expertise in formulating an appropriate remedy. In view of the variety and novelty of many labor-management disputes, reviewing courts must not unduly restrain an arbitrator's flexibility:

> When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations.
>
> * * * "

*Local 369, Bakery & C. Wkrs. I. U. v. Cotton Bak. Co., Inc., supra*, quoting from *United Steelworkers v. Enterprise Wheel &*

*Car Corp.* (1960), 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424, 1428. This Court is of the opinion that, unless the remedy chosen by an arbitrator is expressly or implicitly prohibited by the terms of the bargaining agreement, or, unless the contract provides for an exclusive remedy, then the particular remedy fashioned by the arbitrator is not to be vacated by the judiciary. *See Minute Maid Company v. Citrus, Food Proc. & Allied Wkrs., Etc.*, C.A. 5th (1964), 331 F.2d 280, 281 and *Lodge No. 12, Etc. v. Cameron Iron Works, Inc.*, C.A. 5th (1961), 292 F.2d 112, 119[14], certiorari denied (1961), 368 U.S. 926, 82 S.Ct. 361, 7 L.Ed.2d 190.

■ The parties herein agreed to submit disputes arising between them, which could not be adjusted satisfactorily under the grievance procedure adopted, to binding arbitration. The controversy between them herein was so submitted, the arbitrator found a contractual violation by the employer, and he fashioned a remedy requiring *inter alia* the payment of overtime-wages to compensate the employees who had been aggrieved thereby.

While the bargaining agreement did not expressly authorize such an award, it did not expressly prohibit it. It is certainly true that this bargaining agreement did require the company to alter any work-assignment within 15 working days after a determination that the assignment was improper; however, the Court does not interpret that provision as being the exclusive remedy for an improper work-assignment. Neither does the Court view such provision as prohibiting an award of overtime-pay to the employees who did not get the work they should have gotten.

The arbitrator obviously did not so construe the bargaining agreement, and, of course, it was his interpretation and application of the contract for which the parties had bargained.[6] Had the parties intended

6. " * * * It is now axiomatic that matters of interpretation and application of collective bargaining agreements are for the arbitrator and not for the courts. * * * " *Timken Company v. United Steelworkers of America*, C.A. 6th (1974), 492 F.2d 1178, 1179[2].

to deny arbitrators the power to award compensation to the aggrieved employees in situations involving improper work-assignments, they could easily have so provided in their agreement. By awarding overtime-pay the arbitrator was not adding to, disregarding, or modifying any of the provisions of the agreement; to the contrary, he was simply fashioning a remedy, once he had found a contractual violation by the employer. The Court thinks that, in so doing, he did not exceed his authority.

The employer's argument, that the award of overtime-pay amounted to an impermissible assessment of punitive damages, is unpersuasive. Although, from the standpoint of the company, it may seem somewhat harsh to require it to pay overtime to employees who did not perform work, when it has already paid the employees who did perform the work, there is nothing punitive involved. Somebody had to suffer a loss.

The question facing the arbitrator was whether the loser should be the employer, who had breached the parties' contract, or the machinist-employees who had been deprived of overtime work because of that breach. The arbitrator placed the loss upon the employer in an effort to make the aggrieved machinists whole, by placing them as nearly as possible in the same position in which they would have been but for the contractual violation.[7] This is the very purpose for an award of compensatory damages in a breach of contract situation. *Clark v. Ferro Corporation*, D.C.Tenn. (1964), 237 F.2d 230, 237[8]. There is nothing improper about an arbitrator's award of money for the purpose of compensating employees for the losses suffered by them as a result of their employer's breach of the collective bargaining agreement. *College Hall Fashions v. Philadelphia*, D.C.Pa. (1976), 408 F.Supp. 722, 728[12] (where the arbitrator actually used the word "penalty" to describe his award).

It results that the motion of the plaintiff Sverdrup/ARO, Inc. for a summary judgment hereby is DENIED; and the cross-motion of the plaintiff-by-counterclaim International Association of Machinists & Aerospace Workers, AFL–CIO, Queen City Lodge 1501 for the same hereby is GRANT-ED.[8] Rule 56(c), Federal Rules of Civil Procedure. The recommendation of the magistrate is modified accordingly. It is hereby ORDERED that the arbitration award of May 1, 1979 be enforced in its entirety. Judgment to that effect will enter. Rule 58(1), Federal Rules of Civil Procedure. No attorneys' fees are allowed.

7. *International U. of Op. Eng., Local No. 450 v. Mid-Valley, Inc.*, D.C.Tex. (1972), 347 F.Supp. 1104, relied upon by the company, appears to be readily distinguishable. There, the arbitrator awarded monetary relief to the union where it had suffered no injury. Here, however, the award of overtime-pay was made, not to the union, but to the individual machinists who would have received it in the first place but for the employer's wrongful assignment of that work to the boilermakers. By bringing-in the boilermakers on this project, the company had avoided having to pay overtime to the machinists.

8. In reaching its decision herein, the Court has not considered the affidavit of Mr. Jimmy H. Gaunce and the exhibits attached thereto submitted in support of the union's objection to the recommendation of the magistrate.