OIL, CHEMICAL, AND ATOMIC WORK-
ERS INTERNATIONAL UNION,
LOCAL 3–903, Plaintiff,

v.

GREAT LAKES RESEARCH
CORPORATION, Defendant.

No. CIV–2–82–54.

United States District Court,
E.D. Tennessee,
Northeastern Division.

June 14, 1982.

On Motion for Relief from
Judgment June 25, 1982.

Helen de Haven, Knoxville, Tenn., for plaintiff.

W. Neil Thomas, III, Chattanooga, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff labor-union characterizes this as an action seeking to enforce an arbitration-award rendered pursuant to a collective-bargaining agreement between it and the defendant employer. *See* 29 U.S.C. § 185(a). It is beyond dispute, that before such an action can be maintained, the plaintiff must have first exhausted the grievance- and arbitration-procedures set-forth in the agreement. *Thacker v. Palm Beach Co.,* D.C.Tenn. (1978), 450 F.Supp. 761, 764[3]. The plaintiff has not done this.

The particular grievance, out of which this action arose, was never submitted to arbitration. The plaintiff contends apparently such was not necessary, because the issue implicated by the present grievance was decided (adversely to the employer) in an earlier arbitration proceeding involving different grievances. The plaintiff would have this Court apply that arbitration-award to the instant grievance, even 'though the latter appears to arise from an entirely different factual situation.' *

The defendant disputes the position of the plaintiff, that the prior arbitration award covers the instant dispute; rightfully so. The plaintiff appears to interpret the prior award as prohibiting the employer from even, under any circumstances, permitting its professional employees' performance of work normally done by its bargaining-unit employees.

That view is in striking contrast to the actual holding of the arbitrator; for, he recognized that the collective bargaining agreement, § 3.04, " * * * clearly provides for the conditions under which non-bargaining employees may perform bargaining unit work. * * * " Therein, the arbitrator

found simply that, in the case before him, none of those conditions existed.

Under the plain and unambiguous language of the pertinent agreement, the employer may use professional employees to perform bargaining-unit work when certain conditions are met. The defendant contends that the facts surrounding the present grievance are different from those involved in the prior grievance, and that, here, one of those conditions was, in fact, met; unfortunately, the arbitrator has not been given an opportunity to make such a determination.

At the very minimum, there exists herein the question of whether the issue presented by the latest grievance was the same issue as decided by the prior arbitration-award; that question, itself, is a matter to be resolved by the arbitrator rather than this Court. *Local 103 of Int. U. of Elec., R. & M. Wkrs. v. RCA Corp.,* C.A.3d (1975), 516 F.2d 1336, 1339[2] ("It is the function of the arbitrator, not the court, to decide whether the 'same question or issue' had been the subject of [prior] arbitration * * * ."); *accord Shaffer v. Mitchell Transport, Inc.,* C.A.3d (1980), 635 F.2d 261, 265, n. 6; *Pittsburgh Metro Area, Etc. v. U.S. Postal Service,* D.C.Pa. (1978), 463 F.Supp. 54, 58–59[4]. Likewise, any determination of the scope of the prior arbitration-award is the function of the arbitrator, not the Court, since it necessarily would involve the interpretation, and perhaps clarification, of that award. *Hanford Atomic Metal Trades Council v. General Electric Co.,* C.A. 9th (1966), 353 F.2d 302, 307[2].

The resolution of the present dispute will probably necessitate an interpretation and application of § 3.04 of the agreement, *supra*. That, however, is not something for the Court to do: " * * * It is now axiomatic that matters of interpretation and application of collective bargaining agreements are

---

* The plaintiff did not respond to the pending motion of the defendant, although having stated in its complaint its relevant position thusly.

" * * * Repeated arbitration of the same contractual issue would place an unwarranted burden on plaintiff and would defeat the

purpose of binding arbitration, which is designed to impose a final settlement of workplace disputes on the contracting parties unless and until the contractual provision interpreted by the arbitrator are [sic] altered by the mutual agreement of the parties."

for the arbitrator and not for the courts. * * * " *Timken Company v. United Steelworkers of America,* C.A. 6th (1974), 492 F.2d 1178, 1179[2].

■ This action involves matters which should have been presented first to arbitration in accordance with the agreement of the parties; federal labor-policy favors strongly arbitration as the means of resolving labor disputes, *Servdrup/Aro, Inc. v. Intern. Ass'n of Machinists,* D.C.Tenn. (1980), 532 F.Supp. 143, 145[1], and the plaintiff should have sought first to have resolved this dispute through this preferred means.

■ There being no genuine issue of material fact extant between the parties herein, and the defendant being entitled to judgment as a matter of law because of the failure of the plaintiff to first exhaust its grievance and arbitration procedures, the motion of the defendant for a summary judgment hereby is

GRANTED. Rule 56(c), Federal Rules of Civil Procedure. Summary judgment will enter, denying the plaintiff all relief herein, but without prejudice to any right it might have to seek enforcement judicially of any arbitration award which may be rendered relating to the instant grievance.

### ON MOTION FOR RELIEF FROM JUDGMENT

■ The relief authorized by Rule 60(b) Federal Rules of Civil Procedure, " * * * is extraordinary and may be granted only upon a showing of exceptional circumstances. * * * " *Stotts v. Memphis Fire Department,* C.A. 6th (1982), 679 F.2d 541, 562 (1982). This is not such a situation, and for such reason, the motion of the plaintiff for relief from the judgment herein of June 14, 1982 on the grounds of mistake, inadvertence or excusable neglect hereby is

DENIED.

In the interest of justice, the Court considered the plaintiff's untimely opposition to the motion of the defendant for a summary judgment. The Court remains of the opinion that the labor-dispute herein is one which should be pursued initially under the grievance-and-arbitration procedure agreed upon by the parties.[1] Ample doubt exists in the mind of the Court as to whether the prior arbitration award was intended to cover the instant dispute; accordingly,

> * * * the parties should be returned to their grievance procedure and arbitration, for it is the arbitrator, and not the court, who is to decide whether the same issue has already been resolved in an earlier proceeding. * * *

*United Mine Wkrs., Etc. v. Consolidation Co.,* C.A.3d (1981), 666 F.2d 806, 811.

The argument of the plaintiff, that arbitration will be expensive and time-consuming, is unpersuasive; these parties bargained-for and devised such a private system of adjudication " * * * in part to avoid the expense and delay of the public system. * * * " *Badon v. General Motors Corporation,* C.A. 6th (1982), 679 F.2d 93, 97. The union may assert before the arbitrator the position it takes herein, that the same issue was previously the subject of arbitration.[2] *United Mine Wkrs., Etc. v. Consolidation Co., supra,* 666 F.2d at 811–812.

---

1. An arbitrator offers greater experience and competence than does even the most able judge in resolving the dispute for which he was chosen. *United Steelworkers v. Warrior & G. Nav. Co.* (1960), 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409, 1417. A federal court can intervene in a labor-dispute " * * * only if the internal dispute resolution process has broken down. Otherwise, the interests of the employer and union in an efficient grievance resolution system are paramount. * * * " *Badon v. General Motors Corporation, infra.*

2. Indeed, it is unusual that herein the union, rather than the employer, desires to avoid arbitration. " * * * Generally, it is the union which seeks arbitration. * * * " *Shaffer v. Mitchell Transport, Inc.,* C.A.3d (1980), 635 F.2d 261, 264, n. 5.