**XACTRON MANAGEMENT LIMITED, Plaintiff,**

**v.**

**KREEPY KRAULY U.S.A., INC., et al., Defendants.**

**No. 88–211–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Sept. 21, 1988.

**1466**

A. Rodger Traynor, Miami, Fla., for plaintiff.

Robert M. Brochin, Miami, Fla., for defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

SPELLMAN, District Judge.

THIS CAUSE comes before the Court upon Plaintiff's XACTRON MANAGEMENT LIMITED, Motion to Remand, filed with this Court on May 23, 1988. A review of the procedural history in this case reveals that Plaintiff initially filed this action in state court, alleging breach of four separate contracts. Three of these contracts contained mandatory arbitration provisions. Plaintiff motioned to compel arbitration pursuant to the Convention on the Recognition of Foreign Arbitral Awards, 9 U.S.C.A. sections 201–208 (West Supp.1988), and thereby injected a federal element into this breach of contract case. As the arbitration provisions are governed by a federal statute, adequate grounds existed for the Defendants, KREEPY KRAULY U.S.A., INC., et al., to remove this case to federal court on the basis of federal question. 28 U.S.C.A. section 1331 (West Supp.1988). Accordingly, Defendants removed this case to federal district court. Subsequent to Defendants' removal, Plaintiff withdrew its motion to compel arbitration, and thereby eliminated the federal element. Plaintiff then motioned to remand this case to state court. Defendants opposed this remand as federal jurisdiction initially existed, and this case was properly removed. This Court finds Defendants' argument most persuasive, and will retain jurisdiction over this case despite the elimination of the federal element.

■ 28 U.S.C. section 1447(c) (1973) directs the district court to remand a case to state court if it appears that the case was removed improvidently and without jurisdiction. Whether an action is removed properly or improvidently is determined at the time of removal—federal jurisdiction must exist at that time. Plaintiff motioned to compel arbitration prior to Defendants'

petition for removal; thus, a federal question existed at the time of removal, and Defendants properly removed.

■] As Defendants properly removed this case to federal court, Plaintiff's elimination of the federal question will not divest this Court of jurisdiction. *In re Carter*, 618 F.2d 1093, 1101 (5th Cir.1980). Where a cause of action is properly removed on the basis of federal question, Plaintiff cannot unilaterally act to divest a court of jurisdiction by deleting the federal element. *Id.* The right of removal has been statutorily conferred upon Defendants; Plaintiff cannot defeat this statutory right by subsequent amendment or act. As removal was proper in this case, Plaintiff's withdrawal of its motion to compel arbitration cannot defeat federal jurisdiction.

■ Once the jurisdictional basis for a case has been defeated, it is within the sound discretion of the district court to retain jurisdiction or remand the case. *Id.* at 1104–05. A court should retain the case where judicial resources have been expended, where it would promote judicial economy, or where the federal element was eliminated solely to defeat federal jurisdiction. *Brown v. Eastern States Corp.*, 181 F.2d 26 (4th Cir.), *cert. denied*, 340 U.S. 864, 71 S.Ct. 88, 95 L.Ed. 631 (1950). A court should remand, however, if only state law claims remain—state courts are better equipped to deal with such claims. *Id.* In the instant case, judicial economy requires that this Court retain jurisdiction as Defendants have recently motioned to compel arbitration. Section 205 of the Foreign Arbitral Awards Statute empowers Defendants to compel arbitration any time prior to trial. Thus, Defendants have revived the federal element which Plaintiff earlier eliminated. As this Court has greater expertise than state courts in matters of federal law, this Court should retain jurisdiction and dispose of Defendant's motion to compel arbitration. *Carillo v. Local 1115, Joint Board Nursing Home & Hosp. Employees Div.*, 441 F.Supp. 619, 621 (S.D.N.Y.1977). Accordingly, it is hereby

ORDERED AND ADJUDGED that this Plaintiff's Motion for Remand is DENIED.